Fee Paid
SL
qq

1   Scott Maurer, C.S.B. #180830
2   Roy Lin, C.L.S. ##~~2~~
    Katharine & Geo~~rge~~ Alexander Community Law Center      FILED
3   1030 The Alameda
    San Jose, CA 95126                                    2008 FEB -8  P 1: 56
4   Phone: (408) 288-7030
    Fax: (408) 288-3581                                  RICHARD W. WIEKING
5                                                              CLERK
                                                        U.S. DISTRICT COURT
6   Attorneys for Plaintiff Elizabeth Medrano           NO. DIST. OF CA. SJ
    and others similarly situated
7

**ADR**

**E-FILING**

8                   IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
                              SAN JOSE DIVISION
10
                       **C08     00872**              **RS**
11
    ELIZABETH MEDRANO, on behalf of ) Case No.: _____
12  herself and all others similarly situated, )
                                             )
13              Plaintiff,                    )
                                             ) **CLASS ACTION COMPLAINT:**
14         vs.                                ) **VIOLATIONS OF TRUTH IN LENDING ACT**
                                             )
15  ROMOS AUTO GROUP, LLC,                    )
                                             )
16              Defendant.                    ) **JURY TRIAL DEMANDED**
                                             )
17                                           )
                                             )
18                                           )
                                             )
19                                           )

20
21                            **INTRODUCTION**

22  1.   The following paragraphs are alleged on information and belief: 4-44.

23                        **JURISDICTION AND VENUE**

24  2.   Jurisdiction is proper in the Federal District Court of Northern California pursuant to 28

25  U.S.C. 1331, on the basis that the defendant by an act or omission violated federal law,

26  specifically, the Federal Truth in Lending Act ("TILA") 15 U.S.C. § 1601 et seq.

27  3.   Venue is proper in Federal District Court of Northern California pursuant to 28 U.S.C.

28  1391, because this is the judicial district in which all of the events or omissions giving rise to

    the claim occurred.

    _____

1

2

## **PARTIES**

3   4.   Plaintiff ELIZABETH MEDRANO is a natural person, residing at all relevant times in

4   Santa Cruz, California. Plaintiff is a "consumer" as defined in 15 U.S.C § 1602(h).

5   5.   ROMOS AUTO GROUP, LLC (hereinafter "ROMOS AUTO") is a business in the

6   State of California. Defendant is a "creditor" as defined by 15 U.S.C § 1602(f).

7

8

9   ## **FACTS RELATING TO MS. MEDRANO**

10  6.   On or about February 11, 2007 Defendant showed Ms. MEDRANO a 2001 Toyota

11  Sienna LE with 140,000 miles on it.

12  7.   The salesperson presented Ms. MEDRANO with a retail sales contract dated February

13  11, 2007. The sales contract states that the cash price of the vehicle as $16,995 and lists the

14  APR as 0% and the Finance Charge as $0.

15  8.   Ms. MEDRANO signed the sales contract and provided a $3,000 down payment.

16  9.   The total disclosed price of the vehicle was $18,475.

17  10.  The Kelley Blue Book retail value of the car at the time of purchase was $9,900.

18

19  ## **FACTS WITH RESPECT TO ALL CLASS MEMBERS**

20  11.  ROMOS AUTO's fails to disclose the correct finance charge to all consumers who

21  purchase cars using credit.

22  12.  ROMOS AUTO fails to disclose the correct finance charge to all consumers who

23  purchase cars using credit.

24  13.  The finance charge disclosures did not meet the disclosure requirements under TILA.

25  14.  Defendant advertises that it sells all of its motor vehicle at 0% APR. Each vehicle on

26  the lot lists the price, down payment, and monthly payment that a credit buyer would pay.

27  However, Defendant's actual policy is to provide a substantial discount to any consumer who

28  will pay cash or provide her own financing.

15.  Defendant systematically charges higher prices for its vehicles to credit buyers than it

1   charges to cash buyers. The exact amount of the credit price increase for each vehicle, or a

2   formula for calculating the increase, can be determined from the records of the defendant.

3       16. The Truth in Lending Act (TILA) generally requires that a creditor disclose, as a

4   "Finance Charge" the sum of all charges, payable directly or indirectly by the person to whom

5   the credit is extended, and imposed directly or indirectly by the creditor as an incident to the

6   extension of credit." 15 USC §1606(a). Even though defendant separately and directly imposes

7   a higher price charge on all credit buyer than it does to cash buyers, defendant always discloses

8   the finance charge on the purchase contract as "zero". All of defendant's contracts indicate a

9   "0% APR" as well.

10      17. In fact, all of defendant's credit customers are paying finance charges. The dollar

11  amount of discounts made available to cash paying-customers must be disclosed as finance

12  charges under Regulation Z (the regulation implementing TILA).  12 C.F.R. §226.4(b)(9).

13      18. The State of California imposes sales tax on the vehicles sold within the State. The

14  sales tax is based on the cash price of the vehicle. The State does not impose sales taxes on

15  interest associated with a vehicle purchase.

16      19. The State of California assesses a Vehicle License Fee (VLF) on each motor vehicle

17  sold within the state. The VLF is based on the cash price of the vehicle. The VLF is not

18  effected by any interest a consumer would pay on a vehicle purchase.

19      20. By rolling finance charges into the purchase price of its vehicles, defendant caused the

20  class members to pay excessive sales taxes and VLFs. These overcharges are themselves

21  "finance charges" within the meaning of TILA, but defendant fails to disclose them as such.

22  The exact amount of the overcharges, or a formula for calculating the overcharges, can be

23  determined from the records of the defendant.

24

25                          **CLASS ACTION ALLEGATIONS**

26      21. Ms. MEDRANO brings this class action on behalf of herself and all California residents

27  who:

28          a.   Signed a contract with ROMOS AUTO starting one year prior to the date of the

1    filing the complaint and ending on the date of the filing of the complaint;

2        b.   In conjunction with the purchase of automobile from ROMOS AUTO; and

3        c.   Who did not receive accurate disclosures required by 15 U.S.C. §1638(a).

4    22.  The proposed class likely consists of dozens, possibly several hundreds, of members and

5    is so numerous that joinder is impracticable.  The members of the class are readily ascertainable

6    through the records of ROMOS AUTO.

7    23.  Common questions of law and fact exist as to all members of the proposed class and

8    predominate over any questions affecting only individual members of that class.  The common

9    questions include, among others, the following:

10       a.   Whether the defendant failed to provide class members with accurate TILA

11            disclosures as required by 15 U.S.C. §1601 *et. seq.*

12   24.  Plaintiff's claim is typical of the claims of each of the members of the proposed class, as

13   all such claims arise out of the extension of credit to purchase an automobile.

14   25.  Plaintiff will fairly and adequately protect the interests of the members of the proposed

15   class.  Plaintiff has no interest adverse to the class.  Additionally, plaintiff has retained counsel

16   experienced in the prosecution of class actions, including consumer class actions under TILA.

17   Plaintiff is thus ready, willing and able to fairly and adequately represent the interests of the

18   class.

19   26.  A class action is superior to other available methods for the fair and efficient

20   adjudication of this controversy because the damages suffered by each individual member are

21   relatively small compared to the expense and burden of prosecuting individual cases.

22   27.  If individual members of the class were required to bring separate actions, courts would

23   be confronted by multiple lawsuits burdening the court system while also creating the risk of

24   inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case

25   basis, in which inconsistent results will magnify the delay and expense to all parties and the

26   court system, the class action presents fewer management difficulties while providing unitary

27   adjudication, economies of scale and comprehensive supervision by a single court.

28   28.  Many of the members of the proposed class may be unaware of the existence of laws

1   that provide them with protection from the facts described above and therefore may not seek out

2   legal assistance without the classes.

3       29.  The defendant has acted, and refused to act, on grounds generally applicable to the class,

4   thereby making appropriate final injunctive relief and corresponding declaratory relief with

5   respect to the classes as a whole.

6

7

8                                **LEGAL CLAIMS**

9                            **FIRST CAUSE OF ACTION**

10                  Violation of the Federal Truth in Lending Act
                (15 U.S.C. 1601 *et. seq.*) Brought as a Class Action on Behalf of Plaintiff
11                  And the Proposed Class Against Defendant ROMOS AUTO

12

13      30.  Plaintiff realleges and incorporates herein by reference the allegations in all other

14   paragraphs.

15      31.  ROMOS AUTO is a "creditor" within the meaning of TILA in that it regularly extends

16   consumer credit that is subject to a finance charge or is payable by written agreement in more

17   than four installments, and in that it is the entity to which the obligation is initially payable,

18   either on the face of the note or contract, or by agreement where there is no note or contract.  12

19   CFR § 226.2(17).

20      32.  Ms. MEDRANO and the proposed class are "consumers" within the meaning of TILA

21   in that they are natural persons to whom credit was offered or extended.  12 CFR § 226.2(11).

22      33.  The credit extended to named plaintiff by ROMOS AUTO and the proposed class was

23   "consumer credit" subject to TILA in that it was credit offered or extended to a consumer

24   primarily for personal, family, or household purposes.  12 CFR § 226.2(12).

25      34.  Defendant ROMOS AUTO violated 15 U.S.C. §1601 *et. seq.* by failing to make

26   adequate disclosures with respect to the finance charges on the accounts of the named plaintiff

27   and the proposed class.

28

## SECOND CAUSE OF ACTION

Violation of the Unfair Competition Law
(Cal Bus & Prof Code § 17200 *et seq.*) Brought as a Class Action on Behalf of Plaintiff, the Proposed Class, and the General Public
Against Defendant ROMOS AUTO

35. Plaintiff realleges and incorporates herein by reference the allegations in all other paragraphs.

36. The aforementioned conduct as alleged in this complaint constitutes unfair, unlawful and fraudulent business practices in violation of Business & Professions Code §17200 *et seq.* for the following reasons:

37.    a)    The actions are unlawful because they violate the statute cited in the First Cause of Action.

38.    b)    The business acts and practices as herein alleged constitute unfair business practices in violation of Business and Professions Code §17200 *et seq.* in that such acts and practices offend public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers; and

39.    c)    The business acts and practices as herein alleged constitute fraudulent business practices in violation of Business and Professions Code §17200 *et seq.* in that such acts and practices are likely to deceive the public.

## THIRD CAUSE OF ACTION

For Declaratory Relief

40. Plaintiff realleges and incorporates herein by reference the allegations in all other paragraphs.

41. An actual controversy has arisen between Plaintiff and Defendant.

42. Accordingly, Plaintiff seeks a declaration as to the respective rights, remedies, and obligations of the parties.

1    **PRAYER FOR RELIEF**

2    43.  WHEREFORE, the named plaintiff respectfully prays as follows:

3    With respect to the First Cause of Action (Truth in Lending Act)

4       a.  That this Court award statutory damages to the proposed class pursuant to 15

5           U.S.C. § 1640(a)(2)(B) ;

6       b.  That this Court award actual damages to Ms. MEDRANO and the proposed

7           class;

8       c.  That this Court award attorney's fees and litigation costs and expenses pursuant

9           to 15 U.S.C. § 1640(a)(3); and

10      d.  That this Court award such other and further relief to Ms. MEDRANO and the

11          proposed class as it deems appropriate.

12   With respect to the Second Cause of Action (California Unfair Competition Law)

13      a.  That this Court enjoin defendants' unlawful acts as set forth in the First Cause of

14          Action, and enjoin defendants unfair and fraudulent business practices which are

15          set out in paragraphs 14 through 20.;

16      b.  That this Court grant restitution to plaintiffs and members of the class and of the

17          general public and issue such other orders as may be necessary to restore to any

18          person in interest, any money or property, real or personal, which may have been

19          acquired by defendants;

20      c.  That this Court award pre-judgment interest, attorney's fees, costs and expenses

21          to plaintiffs and members of the class and of the general public; and

22      d.  That this Court award such other and further relief as it deems appropriate.

23

24

25   With respect to the Third Cause of Action (Declaratory Relief)

26      a.  For a declaration setting forth the various rights and responsibilities of the

27          parties.

28

---

Medrano v. Romos Auto Mall
COMPLAINT - 7

1

    b.  For an award of attorneys' fees, costs and expenses to the extent allowed by the

2

        conditional sale contract or by law;

3

4

5                        WATSONVILLE LAW CENTER
                        LAW OFFICES OF WILLIAM E. KENNEDY

6                        ALEXANDER COMMUNITY LAW CENTER

7

8  Dated: _2/8/08_

9                        By: Roy Lin, Certified Law Student*

10

11                       By: Scott Maurer, Supervising Attorney*

12

13                       For Plaintiff ELIZABETH MEDRANO
                       and the Members of the Proposed Class

14

  * Pursuant to State Bar Rules Governing the Practical Training of Law Students

15

16

                            **DEMAND FOR JURY TRIAL**

17

  Please take notice that Plaintiff ELIZABETH MEDRANO demands a trial by jury in this

18  action.

19

                        WATSONVILLE LAW CENTER

20                        LAW OFFICES OF WILLIAM E. KENNEDY
                        ALEXANDER COMMUNITY LAW CENTER

21

22  Dated: _2/8/03_

23                        By: Roy Lin, Certified Law Student*

24

25

26                       By: Scott Maurer, Supervising Attorney*

27                       For Plaintiff ELIZABETH MEDRANO
                       and the Members of the Proposed Class

28

  * Pursuant to State Bar Rules Governing the Practical Training of Law Students