1  Scott Maurer, C.S.B. #180830
   (smaurer@scu.edu)
2  Roy Lin, C.L.S. #20333
3  KATHARINE & GEORGE ALEXANDER
    COMMUNITY LAW CENTER
4  1030 The Alameda
   San Jose, CA 95126
5  Phone: (408) 288-7030
   Fax:   (408) 288-3581
6
   William E. Kennedy, C.S.B. #158214
7  (wkennedy@pacbell.net)
   LAW OFFICES OF WILLIAM E. KENNEDY
8  2797 Park Ave, #201
9  Santa Clara, CA 95050
   Phone: (408) 241-1000
10 Fax:   (408) 241-1500
11
   Dori Rose Inda, C.S.B. # 211866
12 (dorir@watsonvillelawcenter.org)
   WATSONVILLE LAW CENTER
13 521 Main Street, Suite H
   Watsonville, CA 95076
14 Phone: (831) 722-2845
15 Fax:   (831) 761-3295
16 Attorneys for Plaintiff Elizabeth Medrano and others similarly situated
17            IN THE UNITED STATES DISTRICT COURT
18          FOR THE NORTHERN DISTRICT OF CALIFORNIA
                     (San Jose Division)
19
20                                    ) Case No.: C 08-00872 RS
21 ELIZABETH MEDRANO, on behalf of )
   herself and all others similarly situated, ) **FIRST AMENDED**
22                                    ) **CLASS ACTION COMPLAINT:**
                                      ) **VIOLATIONS OF TRUTH IN LENDING ACT**
23            Plaintiff,              ) **AND CALIFORNIA UNFAIR COMPETITION**
        vs.                          ) **LAW**
24                                    )
   ROMOS AUTO GROUP, LLC,            )
25                                    ) **INDIVIDUAL COMPLAINT:**
            Defendant.               ) **FOR DECLARATORY RELIEF**
26                                    )
27                                    ) **JURY TRIAL DEMANDED**
                                      )
28 _____)

---

**INTRODUCTION**

1.    This is a proposed class action brought to redress the unfair business practices of the defendant.  The Defendant routinely conceals finances charges in the cost of its motor vehicles.   Both Federal law and California law require such finance charges to be disclosed. In additional to concealing the effective interest rates, which are quite high, Defendant's practices are injurious to consumers in that they result in inflated tax and license charges.  The following paragraphs are alleged on information and belief: 5, 10 - 18, 21, 23, 24, 29, 32, and 35-37.

**JURISDICTION AND VENUE**

2.    Jurisdiction is proper in the Federal District Court of Northern California pursuant to 28 U.S.C. 1331, on the basis that the defendant by an act or omission violated federal law, specifically, the Federal Truth in Lending Act ("TILA") 15 U.S.C. § 1601 *et seq*.  Pendant jurisdiction attaches to the related state law claims asserted herein.

3.    Venue is proper in Federal District Court of Northern California pursuant to 28 U.S.C. 1391, because this is the judicial district in which all of the events or omissions giving rise to the claim occurred.

**PARTIES**

4.    Plaintiff ELIZABETH MEDRANO is a natural person, residing at all relevant times in Santa Cruz, California.

5.    ROMOS AUTO GROUP, LLC (hereinafter "ROMOS AUTO") is a California Limited Liability Company.

**FACTS RELATING TO MS. MEDRANO**

6.    On or about February 11, 2007, one of Defendant's agents attempted to sell to Ms. MEDRANO a 2001 Toyota Sienna LE ('the Sienna').

7.    The salesperson presented Ms. MEDRANO with a retail installment sales contract for the Sienna dated February 11, 2007.  The contract indicates that the cash price for the Sienna

1  was $16,995, and lists the Annual Percentage Rate (APR) as 0% and the Finance Charge as

2  $0.

3      8.   Ms. MEDRANO signed the sales contract and provided a $3,000 down payment.  The

4  contract permitted Ms. MEDRANO to pay the remaining balance over 52 months in equal

5  payments of $297.61.

6      9.   The Kelley Blue Book retail value of the Sienna at the time of purchase was $9,900.

7      10.  On or about February 11, 2007, Defendant would have made the Sienna available to a

8  cash buyer at a price significantly below $16,995.

9      11.  Defendant concealed approximately $7,000 in finance charges in the cost of the

10  Sienna.

11      12.  Ms. MEDRANO paid approximately $560 in excessive sales taxes as a result of the

12  Defendant's inclusion of finance charges in the sales price.  Ms. MEDRANO also paid

13  excessive license fees.

14

15              **FACTS WITH RESPECT TO ALL CLASS MEMBERS**

16      13.  ROMOS AUTO fails to disclose the correct finance charge to all consumers who

17  purchase cars using credit.

18      14.  ROMOS AUTO fails to disclose the correct Annual Percentage Rate to all consumers

19  who purchase cars using credit.

20      15.   Defendant advertises that it sells all of its motor vehicle at 0% APR.  Each vehicle on

21  the lot lists the price, down payment, and monthly payment that a credit buyer would pay.

22  However, Defendant's actual policy is to provide a substantial discount to any consumer who

23  will pay cash or provide her own financing.

24      16.  Defendant systematically charges higher prices for its vehicles to credit buyers than it

25  charges to cash buyers.  The exact amount of the credit price increase for each vehicle, or a

26  formula for calculating the increase, can be determined from the records of the defendant.

27      17.  The Truth in Lending Act (TILA) generally requires that a creditor disclose, as a

28  "Finance Charge" the sum of all charges, payable directly or indirectly by the person to whom

the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit. Even though defendant separately and directly imposes a higher price charge on all credit buyers than it does to cash buyers, defendant always discloses the finance charge on the purchase contract as "zero". All of defendant's contracts indicate a 0% APR as well.

18. In fact, all of defendant's credit customers are paying finance charges. The dollar amount of discounts made available to cash paying-customers are, in fact, finance charges under Regulation Z (the regulation implementing TILA).

19. The State of California imposes sales tax on vehicles sold within the State. The sales tax is based on the cash price of the vehicle. The State does not impose sales taxes on interest associated with a vehicle purchase.

20. The State of California assesses a Vehicle License Fee (VLF) on each motor vehicle sold within the state. The VLF is based on the cash price of the vehicle. The VLF is not effected by any interest a consumer would pay on a vehicle purchase.

21. By rolling finance charges into the purchase price of its vehicles, defendant caused the class members to pay excessive sales taxes and VLFs. These overcharges are themselves "finance charges" within the meaning of TILA, but defendant fails to disclose them as such. The exact amount of the overcharges, or a formula for calculating the overcharges, can be determined from the records of the defendant.

## CLASS ACTION ALLEGATIONS

22. Ms. MEDRANO brings this class action on behalf of herself and all California residents who signed a contract with ROMOS AUTO starting one year prior to the date of the filing of the complaint where all of the following conditions apply:

    a. the contract permitted the buyer to make payments over six or more months

    b. the contract indicated that the buyer was receiving a zero percent APR

    c. the contract does not indicate that the vehicle would be used primarily for business or commercial purposes

     d.  the buyer is a person other than an officer or employee of Defendant, or a person related by blood or marriage to an officer or employee of Defendant.

23.  The proposed class likely consists of dozens, possibly hundreds, of members and is so numerous that joinder is impracticable.  The members of the class are readily ascertainable through the records of ROMOS AUTO.

24.  Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual members of that class.  The common questions include, among others, whether the defendant failed to provide class members with accurate TILA disclosures as required by 15 U.S.C. §1601 *et seq.*

25.  Plaintiff's claim is typical of the claims of each of the members of the proposed class, as all such claims arise out of the extension of credit to purchase an automobile.

26.  Plaintiff will fairly and adequately protect the interests of the members of the proposed class.  Plaintiff has no interest adverse to the class.  Additionally, plaintiff has retained counsel experienced in the prosecution of class actions, including consumer class actions under TILA.  Plaintiff is thus ready, willing and able to fairly and adequately represent the interests of the class.

27.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual member are relatively small compared to the expense and burden of prosecuting individual cases.

28.  If individual members of the class were required to bring separate actions, courts would be confronted by multiple lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, the class action presents fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

29.  Many of the members of the proposed class may be unaware of the existence of laws that provide them with protection from the facts described above and therefore may not seek out legal assistance without the class.

1    30.  The defendant has acted, and refused to act, on grounds generally applicable to the class,

2    thereby making appropriate final injunctive relief and corresponding declaratory relief with

3    respect to the class as a whole.

4

5

6                                        **LEGAL CLAIMS**

7                                    **FIRST CAUSE OF ACTION**

8                          Violation of the Federal Truth in Lending Act

9          (15 U.S.C. 1601 *et. seq.*) Brought as a Class Action on Behalf of Plaintiff
             And the Proposed Class Against Defendant ROMOS AUTO

10

11    31.  Plaintiff realleges and incorporates herein by reference the allegations in all other

12    paragraphs.

13    32.  ROMOS AUTO is a "creditor" within the meaning of TILA in that it regularly extends

14    consumer credit that is subject to a finance charge or is payable by written agreement in more

15    than four installments, and in that it is the entity to which the obligation is initially payable on

16    the face of the contract.

17    33.  Ms. MEDRANO and the members of the proposed class are "consumers" within the

18    meaning of TILA in that they are natural persons to whom credit was offered or extended.

19    34.  The credit extended to named plaintiff by ROMOS AUTO and the proposed class was

20    "consumer credit" subject to TILA in that it was credit offered or extended to a consumer

21    primarily for personal, family, or household purposes.

22    35.  Defendant ROMOS AUTO violated 15 U.S.C. §1638(a)(3) with respect to Ms.

23    MEDRANO and the members of the proposed class by failing to accurately disclose the finance

24    charge.

25    36.  Defendant ROMOS AUTO violated 15 U.S.C. §1638(a)(4) with respect to Ms.

26    MEDRANO and the members of the proposed class by failing to accurately disclose the annual

27    percentage rate.

28    37.  Ms. MEDRANO and the members of the proposed class suffered actual damages as a

1   result of Defendant's violations in the form of excessive assessments of sales taxes and license

2   fees. The exact amount of the damages for each class member can be readily ascertained from

3   defendant's records.

4                               **SECOND CAUSE OF ACTION**

5                        Violation of the Unfair Competition Law
    (Cal Bus & Prof Code § 17200 *et seq.*)  Brought as a Class Action on Behalf of Plaintiff,
6                        the Proposed Class, and the General Public
7                            Against Defendant ROMOS AUTO

8       38. Plaintiff realleges and incorporates herein by reference the allegations in all other

9   paragraphs.

10      39. The aforementioned conduct as alleged in this complaint constitutes unfair, unlawful

11  and fraudulent business practices in violation of Business & Professions Code §17200 *et seq.*

12  for the following reasons:

13          a)      The actions are unlawful because they violate the TILA, as detailed in the First

14  Cause of Action.

15          b)      The business acts and practices as herein alleged constitute unfair business

16  practices in violation of Business and Professions Code §17200 *et seq.* in that such acts and

17  practices offend public policy and are immoral, unethical, oppressive, unscrupulous, and

18  substantially injurious to consumers; and,

19          c)      The business acts and practices as herein alleged constitute fraudulent business

20  practices in violation of Business and Professions Code §17200 *et seq.* in that such acts and

21  practices are likely to deceive the public.

22      40. Ms. MEDRANO suffered injury in fact and has lost money and/or property as a result

23  of Defendant's acts of unfair competition.

24

25

26

27

28

1

## THIRD CAUSE OF ACTION

2

For Declaratory Relief
Brought as an individual claim on Behalf of Plaintiff and

3

Against Defendant ROMOS AUTO

4

5    41.  Plaintiff realleges and incorporates herein by reference the allegations in all other

6    paragraphs.

7    42.  On or about May 14, 2007, Ms. MEDRANO's Sienna was struck, suffered extensive

8    damage, and was rendered inoperable.

9    43.  From the insurance proceeds of the above-referenced accident, Ms. MEDRANO

10   tendered to the Defendant a check in the amount of $5,124.08.  She also tendered the

11   damaged vehicle back to the Defendant.

12   44.  The cash price for the Sienna included thousands of dollars of finance charges which

13   were to be paid over 52 months.  Thus, when the above-referenced accident occurred, the

14   remaining balance on the Sienna included thousands of dollars of unearned interest charges.

15   45.  Ms. MEDRANO contends that she has paid and/or tendered to the Defendant an

16   amount sufficient to repay all amounts owed other than unearned finance charges.

17   46.  An actual controversy has arisen between plaintiff on the one hand and defendant on

18   the other hand, as to their respective rights, remedies and obligations.  Specifically, in

19   addition to the contentions stated above, plaintiff alleges that she was within her rights to

20   rescind the subject contract, provided timely notice of rescission, and tendered back to the

21   defendant all that she was required to tender.  Defendant disputes all of plaintiff's contentions

22   and contends to the contrary.  Accordingly, plaintiff seeks a declaration as to the respective

23   rights, remedies, and obligations of the parties.

24

25

## PRAYER FOR RELIEF

26   43.  WHEREFORE, the named plaintiff respectfully prays as follows:

27   With respect to the First Cause of Action (Truth in Lending Act)

28              a.   That this Court award statutory damages to the proposed class pursuant to 15
                    U.S.C. § 1640(a)(2)(B) ;

1
    b.  that this Court award such actual damages to Ms. MEDRANO and the proposed

2
        class that can be readily calculated from the records of the defendant, pursuant to

3
        15 U.S.C. §1640(a)(1);

4
    c.  that this Court award attorney's fees and litigation costs and expenses pursuant

5
        to 15 U.S.C. § 1640(a)(3);

6
    d.  that this Court award pre-judgment interest to the fullest extent permitted by law;

7
        and,

8
    e.  that this Court award such other and further relief to Ms. MEDRANO and the

9
        proposed class as it deems appropriate.

10

11

12

13
With respect to the Second Cause of Action (California Unfair Competition Law)

14
    a.  That this Court enjoin defendant from and further acts of unfair competition

15
        pursuant to Cal. Bus. & Prof. Code §17203

16
    b.  that this Court grant restitution to plaintiffs and members of the class and of the

17
        general public and issue such other orders as may be necessary to restore to any

18
        person in interest, any money or property, real or personal, which may have been

19
        acquired by defendants pursuant to Cal. Bus. & Prof. Code §17203;

20
    c.  that this Court award pre-judgment interest, attorney's fees, costs and expenses

21
        to plaintiffs and members of the class and of the general public pursuant to Cal.

22
        CCP §1021.5 and other applicable provisions of law; and,

23
    d.  That this Court award such other and further relief as it deems appropriate.

24

25

26

27

28

1  With respect to the Third Cause of Action (Declaratory Relief)

2      a.  For a declaration setting forth the various rights and responsibilities of the

3         parties; to wit, that Ms. MEDRANO rescinded the contract within her rights,

4         and/or owes no further obligation to the Defendant; and

5      b.  For an award of attorneys' fees, costs and expenses to the extent allowed by the

6         conditional sale contract or by law;

7

8

9                   WATSONVILLE LAW CENTER
                 LAW OFFICES OF WILLIAM E. KENNEDY

10                   ALEXANDER COMMUNITY LAW CENTER

11

12  Dated: 4/3/08

13                   By: Roy Lin, Certified Law Student*

14

15                   By: Scott Maurer, Supervising Attorney*

16

17                   For Plaintiff ELIZABETH MEDRANO
                 and the Members of the Proposed Class

18  * Pursuant to State Bar Rules Governing the Practical Training of Law Students

19

20

21

22

23

24

25

26

27

28

1
2

## DEMAND FOR JURY TRIAL

3

Please take notice that Plaintiff ELIZABETH MEDRANO demands a trial by jury in this
4    action.

5
WATSONVILLE LAW CENTER
6                                                   LAW OFFICES OF WILLIAM E. KENNEDY
ALEXANDER COMMUNITY LAW CENTER
7

8    Dated: 4/3/08

9                                                   By: Roy Lin, Certified Law Student*

10

11                                                  By: Scott Maurer, Supervising Attorney*

12
For Plaintiff ELIZABETH MEDRANO
13                                                  and the Members of the Proposed Class

14

* Pursuant to State Bar Rules Governing the Practical Training of Law Students
15
16
17
18
19
20
21
22
23
24
25
26
27
28