Rebecca Connolly, Esq. SBN 145482
GRUNSKY, EBEY, FARRAR & HOWELL
A Professional Corporation
240 Westgate Drive
Watsonville, CA 95076
Telephone (831)722-2444
Facsimile  (831)722-6153

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MEDRANO, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ROMOS AUTO SALES LLC,<br><br>Defendant. | No.   C08-00872 RS<br><br>**DEFENDANT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT: VIOLATIONS OF TRUTH IN LENDING ACT AND CALIFORNIA UNFAIR COMPETITION LAW** |

Defendant Romo's Auto Sales, LLC, hereby answers the Second Amended complaint, and in so doing, demands a jury trial.

1.     Answering defendant admits that this court has jurisdiction and is a proper venue for this action as alleged in paragraphs 2 and 3 but denies that any act or omission by defendant violated federal or state law.

2.     Answering defendant admits that one of its agents and the plaintiff entered into a written retail installment sales contract for a 2001 Toyota Sienna LE on February 11, 2007 as alleged in paragraph 6 of the Complaint.  Answering defendant denies the remaining allegations contained in paragraph 6.

3.     Answering defendant admits that the defendant and the plaintiff entered into a written retail installment sales contract for a 2001 Toyota Sienna LE on February 11, 2007 that listed that the

1  cash price for the Sienna was $16,995 with an APR of 0% and the Finance Charge as $0 as alleged in
2  paragraph 7 of the Complaint and additionally included a document preparation fee, smog fee and
3  sales tax.  Insofar as there are additional terms set forth in the retail installment sales contract that are
4  not described in paragraph 7, answering defendant denies the remaining allegations contained in
5  paragraph 7.

6      4.    Answering defendant admits that plaintiff signed the written retail installment sales
7  contract for a 2001 Toyota Sienna LE on February 11, 2007, plaintiff paid a $3,000 down payment,
8  and the contract provided for the payment of the remaining balance over 52 months in equal payments
9  of $297.61 as alleged in paragraph 8 of the Complaint.  Insofar as there are additional terms set forth
10  in the retail installment sales contract that are not described in paragraph 8, answering defendant
11  denies the remaining allegations contained in paragraph 8.

12      5.    Answering defendant denies the allegations contained in paragraph 9.
13      6.    Answering defendant denies the allegations contained in paragraph 10.
14      7.    Answering defendant denies the allegations contained in paragraph 11.
15      8.    Answering defendant denies the allegations contained in paragraph 12.
16      9.    Answering defendant denies the allegations contained in paragraph 13.
17      10.    Answering defendant denies the allegations contained in paragraph 14.
18      11.    Answering defendant admits that it advertises that it sells motor vehicles at 0% APR
19  and places information with respect to a vehicle's price on the cars in the lot.  Answering defendant
20  denies the remaining allegations contained in paragraph 15.
21      12.    Answering defendant denies the allegations contained in paragraph 16.
22      13.    Answering defendant admits that the Truth in Lending Act ("TILA") imposes
23  disclosure requirements upon defendant.  Answering defendant denies that its practices violate the
24  TILA and denies the remaining allegations contained in paragraph 17.
25      14.    Answering defendant denies the allegations contained in paragraph 18.
26      15.    Answering defendant admits that the State of California imposes sales tax on vehicles
27  sold within the state but answering defendant denies that it violates any state laws regulating the
28  imposition or calculation of sales tax and denies the remaining allegations contained in paragraph 19.

16. Answering defendant admits that the State of California assesses a Vehicle License Fee on motor vehicles sold within the state but answering defendant denies that it violates any state laws regulating the imposition or calculation of the Vehicle License Fee and denies the remaining allegations contained in paragraph 20.

17. Answering defendant denies the allegations contained in paragraph 21.

18. Answering defendant denies that this action is appropriate for class action treatment and denies the allegations contained in paragraphs 22 through 30.

19. Answering defendant admits the allegations contained in paragraph 32.

20. Answering defendant admits that plaintiff is a "consumer" and that the credit extended to plaintiff is "consumer credit" within the meaning of TILA as alleged in paragraphs 33 and 34. Answering defendant denies that this action is appropriate for class treatment and on that basis denies the remaining allegations in paragraphs 33 and 34.

21. Answering defendant denies the allegations contained in paragraphs 35, 36, 37, 39, and 40.

22. Answering defendant lacks sufficient information to admit or deny the allegations set forth in paragraph 42 and on that basis denies the allegations contained in paragraph 42.

23. Answering defendant admits that the plaintiff tendered a check in the amount of $5,124.08, but answering defendant denies that this amount reflects the full amount that the plaintiff should have tendered. Answering defendant is informed and believes that the plaintiff received $8,724.08 from Infinity Insurance Company that valued the vehicle at $10,348.00 and that plaintiff was credited $2,315.21 for salvage value and $179.42 for salvage tax. Plaintiff did not notify answering defendant that she had received a payment from any insurance company for the vehicle until on or about September 13, 2007. Answering defendant denies that plaintiff tendered the damaged vehicle back to the defendant as answering defendant is informed and believes that the plaintiff abandoned the vehicle at Copart Auction in San Martin, California. Answering defendant denies the remaining allegations in paragraph 43.

24. Answering defendant denies the allegations contained in paragraphs 44 and 45.

25. Answering defendant admits that an actual controversy has arisen with respect to the

respective rights, remedies and obligations of the parties as alleged in paragraph 46. Defendant denies that plaintiff was within her rights to rescinding the subject contract, provided timely notice of rescission, and tendered back to the defendant all that she was required to tender and denies the remaining allegations set forth in paragraph 46.

26.   Answering defendant incorporates its answers herein to all paragraphs above in responding to the allegations contained in paragraphs 31, 38 and 41.

## AFFIRMATIVE AND OTHER DEFENSES

### First Defense

Plaintiff's complaint and each and every part thereof and fails to state a claim against answering defendant upon which relief can be granted.

### Second Defense

Defendant is not liable to Plaintiff or the putative class because the contract contains all the disclosures required by the TILA and because the disclosures are clear and conspicuous.

### Third Defense

Defendant is not liable to Plaintiff or the putative class because defendant, at all relevant times, defendant did not willfully act for any improper purpose, and did not knowingly or willfully violate any provision of the TILA.

### Fourth Defense

Defendant is not liable to Plaintiff or the putative class because at all relevant times, defendant maintained reasonable procedures to assure compliance with the TILA and exercised reasonable care in following these procedures.

### Fifth Defense

Plaintiff's claims fail in whole or in part because Plaintiff failed to take reasonable steps to protect herself from the damage alleged in the Complaint and failed to mitigate any such alleged damage.

### Sixth Defense

Defendant's conduct was not unfair as defined under Cal. Bus. & Prof. Code §17200, *et seq.*

### Seventh Defense

Defendant's conduct was not fraudulent as defined under Cal. Bus. & Prof. Code §17200, *et seq.*

### Eighth Defense

Defendant's conduct was not unlawful as defined under Cal. Bus. & Prof. Code §17200, *et seq.*

### Ninth Defense

Plaintiff's claim for declaratory relief is barred as she has an adequate remedy at law.

### Tenth Defense

Defendant's conduct was at all times based on valid business justification.

### Eleventh Defense

Defendant is not liable to Plaintiff or the putative class because Plaintiff's claims are barred or limited by the various other defenses available to defendant under TILA and under all governing or applicable regulations.

### Twelfth Defense

Plaintiff lacks standing to bring some or all of the claims in this action.

### Thirteenth Defense

Injunctive relief is unavailable as such equitable relief should not be used to rewrite the parties' price terms or their contract provisions.

### Fourteenth Defense

Defendant's conduct, which is otherwise denied, was not likely to mislead or confuse any reasonable members.

### Fifteenth Defense

Defendant's conduct, which is otherwise denied, was not unfair as the consumer had reasonable alternatives.

### Sixteenth Defense

The causes of action alleged in the Complaint are barred in whole or in part by the doctrines of waiver, unclean hands, estoppel, laches, consent, ratification in that, among other things,

- 5 -

Plaintiff acknowledged, consented to, ratified, and acquiesced in defendant's alleged acts and/or omissions.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant reserves the right to raise any additional defenses, affirmative or otherwise, which may become apparent through discovery during the course of this action.  Defendant also reserves the right to add additional defenses and/or counterclaims in the event this action is certified for class treatment, including but not limited to the defenses of res judicata, judgment, statute of limitations, arbitration, payment, and discharge in bankruptcy and it further reserves the right to assert counterclaims against any such person to the extent required in order to preserve its rights.

WHEREFORE, answering defendant prays:

1. That plaintiff take nothing by reason of her complaint;
2. That defendant be awarded its costs of suit;
3. That defendant be awarded reasonable attorney's fees; and
4. For such other and further relief as the court may deem just and proper.

DATED:    May 16, 2008              GRUNSKY, EBEY, FARRAR & HOWELL

By */s/ Rebecca Connolly*
Rebecca Connolly, Attorneys for Defendant Romo's Auto Sales LLC

ROMO19906/answer.doc
**C 08-00872 RS**
**DEFENDANT'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**