Submitting Counsel Appear on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MEDRANO, on behalf of herself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ROMOS AUTO SALES LLC,<br><br>　　　　　　　　　Defendant. | No.  C08-00872 JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |

Plaintiff ELIZABETH MEDRANO and Defendant ROMO'S AUTO SALES, LLC jointly submit the following Joint Case Management Statement in accordance with Northern District Civil Local Rule 16-9 and the March 1, 2007 Standing Order for all Northern District Judges Regarding Case Management Statements.

1. **Jurisdiction And Service**

　　　Federal jurisdiction is present pursuant to 28 U.S.C. §1331 on the basis that plaintiff has alleged violations of the federal Truth in Lending Act, 15 U.S.C. §1601 et seq. The Summons and Complaint have been served and defendant has answered.  No dispute appears to exist regarding jurisdiction or service.

2. **Facts**

Plaintiff Elizabeth Medrano's Statement

Defendant Romo's is an automobile dealership in Watsonville, California. Romo's advertises and sells all of its vehicles at 0% Annual Percentage Rate, and charges a higher than normal price for vehicles. Defendant's policy is to provide a substantial discount to any consumer who will pay cash or provide her own financing. Thus, in fact, buyers who finance their vehicles through the dealership pay more than those who do not. The Truth in Lending Act ("TILA") requires that a creditor disclose the sum of all charges payable as an incident to the extension of credit. Romo's violates TILA by disclosing a zero finance charge. Consumers such as Ms. Medrano are damaged because they are deprived of the ability to compare credit terms with other dealerships. A central purpose of TILA is to allow such comparisons to be made so that consumers can intelligently shop for credit. Secondly, the inflated sales price also inflates the sales tax and the Vehicle License Fee, both of which are based on the sales price.

Defendant Romo's Auto Sales, LLC's Statement

On February 11, 2007, the plaintiff purchased a used 2001 Toyota Sienna, LE from defendant Romo's Auto Sales, LLC ("Romo's" or "defendant"). The plaintiff signed both an English and a Spanish version of the contract. The sales contract provided the plaintiff with all of the disclosures required under the TILA. In May of 2007, a short three months later, the plaintiff was involved in an accident wherein the vehicle that she purchased was completely totaled. Without notifying the defendant, plaintiff unilaterally negotiated a settlement with Infinity Insurance in the amount of $8,724.08 which she then cashed. The value negotiated by plaintiff with the insurance company was apparently reduced by the salvage value of the vehicle which the plaintiff retained. Subsequently, the plaintiff abandoned the car at Copart Auction in San Martin, California. Copart notified defendant that the vehicle was accruing storage charges and requested a release of defendant's legal title.

3. **Legal Issues**

Plaintiff's Description of Legal Issues

a.  Did Romo's violate the Truth in Lending Act, 15 U.S.C. §1638(a)(3) by failing to accurately disclose the Finance Charge with respect to Ms. Medrano and class members?

     b.    Did Romo's violate the Truth in Lending Act, 15 U.S.C. §1638(a)(4) by failing to accurately disclose the Annual Percentage Rate with respect to Ms. Medrano and class members?

     c.    Did Romo's violate the California Unfair Competition Law, Business and Professions Code §17200 et seq. by failing to comply with the Truth in Lending Act, 15 U.S.C. §§1638(a)(3) and 1638(a)(4)?

     d.    Are class members entitled to actual damages in the amount of excess sales tax and Vehicle License Fees paid as a result of the violation of the Truth in Lending Act, pursuant to 15 U.S.C. §1640(a)(1)?

     e.    Are class members entitled to statutory damages under the Truth in Lending Act, 15 U.S.C. §1640(a)(2)(B)?

     f.    Does the purported plaintiff class meet all requirements for class certification pursuant to Federal Rule of Civil Procedure 23?

     g.    Is plaintiff entitled to an injunction against continued violation of the Truth in Lending Act pursuant to the California Unfair Competition Law, Business and Professions Code §17200 et seq.?

     h.    Is plaintiff entitled to a restitutionary relief pursuant to the California Unfair Competition Law, Business and Professions Code §17200 et seq.?

<u>Defendant's Description of Legal Issues</u>

     a.    Whether the plaintiff an adequate class representative?

     b.    Whether the plaintiff's claims typical of the claims of the class?

     c.    Whether individual issues concerning the plaintiff's purchase predominate over any common questions affecting the proposed class?

     d.    Whether the plaintiff should be disqualified as a class representative based upon her conduct surrounding the vehicle accident in May 2007 and the plaintiff's subsequent receipt of money for the loss and abandonment of the vehicle?

     e.    Whether the plaintiff was entitled to rescind the contract on September 13, 2007 after she totaled the vehicle in an accident and received $8,724.08 in insurance proceeds?

     f.    Whether the contract contains all of the disclosures required by TILA?

g.  Whether the disclosures in the contract were clear and conspicuous?

h.  Whether the price charged by defendant for the vehicle included any finance charges that were not disclosed to the plaintiff?

i.  Whether the plaintiff attempted to negotiate a lower price for the automobile?

j.  Whether the defendant's sales people are given great latitude in determining the final purchase price of the vehicles?

k.  Whether price of a sold vehicle was based upon the negotiating skills of the customer?

l.  Whether the price of a sold vehicle was based upon the market conditions present at the time of the sale?

m.  Whether the plaintiff can establish a systematic disparity between credit and cash customers to support her claim of an alleged undisclosed finance charge?

n.  Whether the defendant spreads the costs of any discounts among all paying customers as opposed to imposing the entire amount on a particular credit customer?

o.  Whether the plaintiff failed to take reasonable steps to protect herself from the damage alleged in the complaint?

p.  Whether the defendants conduct is unfair, fraudulent or unlawful as defined under Cal. Bus. & Prof. Code § 17200, et seq.?

q.  Whether defendants conduct was based upon valid business justification?

r.  Whether injunctive or declaratory relief is available as plaintiff has an adequate remedy at law?

s.  Whether the plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, laches, consent or ratification?

**4.    Motions**

There are no motions pending. As discovery progresses, related motions may be necessary. Further, depending on the facts learned during discovery, the parties may bring motions for summary judgment.

**5.    Amendment Of Pleadings**

The parties do not contemplate amending any pleadings at this time.

- 4 -

**6.    Evidence Preparation**

The parties will take appropriate steps to preserve evidence relevant to issues reasonably evident in this action.

**7.    Disclosures**

The parties will make Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) no later than August 15, 2008.

**8.    Discovery**

No party has yet propounded written discovery. The parties anticipate propounding written discovery and taking depositions of the parties and third parties that may have knowledge regarding alleged liability, defenses, or damages. The parties propose to adhere to the numerical limits on written discovery set out in the Federal Rules.

**9.    Class Actions**

Plaintiff intends to conduct discovery related to class certification issues and to thereafter move for class certification.

**10.    Related Cases**

The parties know of no related cases.

**11.    Relief**

Plaintiff seeks actual and statutory damages on behalf of the class pursuant to the Truth in Lending Act, 15 U.S.C. §1640. Damages included excess sales tax and vehicle license fees paid. Plaintiff also seeks restitutionary and injunctive relief pursuant to California's Unfair Competition Law, Business and Professions Code §17200 et seq. Plaintiff also seeks reasonable attorney's fees, costs and expenses.

**12.    Settlement And ADR**

The parties have agreed to an early settlement conference with a Magistrate Judge, subject to approval by the ADR Unit.

**13.    Consent To Magistrate Judge For All Purposes**

A formal declination was filed in this case. Accordingly, the case was reassigned to the Hon. Jeremy Fogel.

14. **Other References**

Not applicable.

15. **Narrowing Of Issues**

It is premature at this time to determine whether the factual or legal issues in this case could be narrowed by stipulation or otherwise.

16. **Expedited Schedule**

The parties do not believe that this case is appropriate for expedited scheduling.

17. **Scheduling**

The parties believe that it would be premature to set a trial date or to set discovery cutoff dates at this time, since it is not known and cannot be known at this time:

a. Whether a class will be certified.

b. Whether, if a class is certified, the parties can agree on the form and manner of notice, or whether class notice will be the subject of a contested motion.

The parties instead request that a further CMC be set for a date on or about February 20, 2009.

The parties agree that discovery, expert designations, motion deadlines, pretrial conference, and trial date can be scheduled after the parties participate in an early settlement conference.

18. **Trial**

Plaintiff and defendant have demanded a jury trial. The parties estimate a trial lasting 5-8 days.

19. **Disclosure Of Non-Party Interested Entities Or Persons**

All parties have filed a Certification of Interested Entities or Persons.

Plaintiff Elizabeth Medrano's disclosures

None.

Defendant Romo's Auto Sales, LLC's disclosures

None.

/ / /

/ / /

/ / /

20. **Other Matters**

None known at this time.

DATED: July 22, 2008                    LAW OFFICE OF WILLIAM E. KENNEDY


                                        By:  _/s/ William E. Kennedy_
                                             William E. Kennedy
                                             Attorneys for Plaintiff ELIZABETH MEDRANO


DATED: July 22, 2008                    GRUNSKY, EBEY, FARRAR & HOWELL


                                        By:  _/s/ Rebecca Connolly_
                                             Rebecca Connolly
                                             Attorneys for Defendant ROMO'S AUTO SALES, LLC

## ATTESTATION PURSUANT TO GENERAL ORDER 45

I, Rebecca Connolly, attest that concurrence in the filing of this document has been obtained from the other signatory.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of July, 2008, at Watsonville, California.

By:  */s/ Rebecca Connolly*

Rebecca Connolly