**E-Filed 11/24/2009**

Scott Maurer, C.S.B. #180830
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER
1030 The Alameda
San Jose CA 95126
(408) 288-7030 – Tel.
(408) 288-3581 – Fax

William E. Kennedy, C.S.B. #158214
LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Ave #201
Santa Clara, CA 95050
(408) 241-1000 – Tel.
(408) 241-1500 – Fax

Dori Rose Inda, C.S.B. #211866
Henry W. Martin, C.S.B. #232106
WATSONVILLE LAW CENTER
521 Main Street, Suite H
Watsonville, CA 95076
(831) 722-2845 – Tel.
(831) 761-3295 – Fax

Attorneys for Plaintiff Elizabeth Medrano
and others similarly situated

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MEDRANO, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>ROMOS AUTO SALES LLC,<br><br>    Defendant. | Case No.: C-08-00872 JF<br><br>CLASS ACTION<br><br>[PROPOSED]<br>ORDER CERTIFYING CLASS, GRANTING FINAL APPROVAL OF CLASS SETTLEMENT, AWARDING ATTORNEY'S FEES AND COSTS TO PLAINTIFF; AND ENTERING JUDGMENT |

This cause came before the Court regularly for hearing pursuant to the Order issued by this Court on  June 19, 2009 granting, *inter alia*, Conditional Certification of a Settlement Class; Preliminary Approval of Settlement; Distribution of Class Notice; and Setting Hearing for Final Approval (hereafter "Preliminary Approval Order").  Class Notice, including notice of this hearing was sent in accordance with that Preliminary Approval Order.  The plaintiff has come before the Court seeking Final Approval of the Class Settlement.  A hearing was conducted on November 6, 2009, at which the Plaintiff and the class were represented by ~~by Magistrate Judge Howard R. Lloyd~~ Scott Maurer of the Alexander Community Law Center. Jeffrey Hinrichsen of Tharpe & Howell appeared on behalf of Romos Auto Sales, LLC (hereinafter "RAS").  ~~The Court has~~ *Judge Lloyd* ~~given~~ *gave* opportunity for oral objection during the hearing *and there was none.* Having reviewed and considered the briefing submitted to the Court, ~~and~~ the Settlement Agreement *and the Report and Recommendation,* the Court finds:

A.      Plaintiff and Defendant entered into a Class Action Settlement Agreement ("Settlement Agreement"), and the Court preliminarily approved the settlement on June 19, 2009.  At the preliminary approval hearing, this Court conditionally certified, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class of all persons who signed a contract with Romos starting February 8, 2007 and ending on October 30, 2008, where all of the following conditions apply:.

(1) the contract permitted the buyer to make payments over six or more months;

(2) the contract indicated that the buyer was receiving a zero percent Annual Percentage Rate;

(3) the contract does not indicate that the vehicle would be used primarily for business or commercial purposes.

B.      The Settlement Agreement has been submitted to the Court for final approval pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure and is attached to this Order as Exhibit A.

1    C.    Notice to the class in a form approved earlier by the Court was mailed by the

2    Settlement Administrator, The Watsonville Law Center at 521 Main Street, Suite H,

3    Watsonville, CA 95076, as shown by the Declaration of the Class Administrator, filed with

4    the Application for Final Approval.  The Class Administrator mailed the approved Class

5    Notice in the form and manner approved by the Court on or about July 27, 2009 to all class

6    members.  The Class Administrator received 55 class notices returned from the United States

7    Postal Service as undeliverable and, after the exercise of diligence required by the Settlement

8    Agreement, effected a single re-mailing for each such return if an alternative address could be

9    identified.  Class members were provided an opportunity to opt-out of the class, and no class

10   members requested such exclusion from the class.  In addition, no class members filed a

11   written objection to this settlement.  All class members, including any oral objectors, have

12   been given due notice and opportunity to be heard.

13   D.    The key terms of  the Settlement Agreement include:

14   (1)    that all Settlement Class Members shall receive $100.00;

15   (2)    that in addition to payments under subdivision (1), Class Members will receive

16   an additional amount to the extent the amount listed on the "cash price vehicle" line of their

17   contract exceeded the Kelley Blue Book retail value (adjusted for miles).  In such cases the

18   class members will receive an additional 22% of the excess amount specified immediately

19   above.

20

21   (3)    that to the extent Settlement Class Members have an outstanding balance due

22   directly to RAS as of five court days after Final Approval, the payments set forth in

23   subsections (1) and (2) shall take the form of a credit. To the extent that Settlement Class

24   members have a balance owing to Car Financial, the payments shall take the form of a

25   payment to CAR Financial.

26

27   (4)    that if any portion of the Class Settlement Funds cannot be distributed to class

28   members and/or checks are not cashed, the remaining amount will be used as *cy pres*, and will

1   be distributed to the California Rural Legal Assistance (CRLA) and Consumers for Auto

2   Reliability and Safety (CARS), which each organization shall receive 50% of the *cy pres*

3   proceeds. Thereafter the Settlement Administrator may close the account.

4

5       IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

6       1.      This Court has jurisdiction over the claims of the class members asserted in

7   this action, personal jurisdiction over the settling parties (including all class members), and

8   subject matter jurisdiction to approve the settlement as set forth in the Settlement Agreement

9   previously filed with the Court.

10      2.      The Court grants the parties' joint request for final approval of the Settlement

11  Agreement.  The Court finds the settlement negotiations were conducted at arms-length and in

12  good faith among counsel for Plaintiff and Defendant and that the terms of the Settlement

13  Agreement are fair, reasonable, and adequate to Plaintiff and all members of the Class in light

14  of the risk of establishing liability and damages, and the expense of further litigation.

15      3.      This Court finds that the applicable requirements of Rule 23 of the Federal

16  Rules of Civil Procedure have been satisfied with respect to this Class Settlement and makes

17  final its previously conditional certification of the Class.

18      4.      The notice given to the class members was reasonably calculated under the

19  circumstances to apprise them of the pendency of this action, all material elements of the

20  proposed settlement, and their opportunity to exclude themselves from, or object to, the

21  settlement.  The Court finds that the distribution of the Notice as provided for in the

22  Preliminary Approval Order and the Settlement Agreement was reasonable, and constituted

23  the best notice practicable under the circumstances to all persons within the definition of the

24  Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all

25  substantive and procedural due process rights guaranteed by the United States Constitution,

26  and any other applicable law.

27      5.      No members of the class requested to be excluded from this Class Settlement.

28

6.      The class meets the predominance and superiority requirements.  Common issues of fact and law predominate, and therefore the class action is superior to individual actions because of the relatively minor amount of statutory damages potentially recoverable in individual actions (i.e., up to $1000) and the substantial costs associated with litigating individual actions.

7.      Attorneys fees and costs are awarded to class counsel in the amount of $ 75,000 (not to exceed $75,000.00)

8.      The Settlement Agreement attached as Exhibit A is hereby adopted by this Court as the final Judgment in this case.

9.      Without affecting the finality of the Judgment, the Court shall retain jurisdiction of this case to enforce the terms of this Order and the Settlement Agreement.

DATE:___11/24/2009____

_____
Hon. Jeremy Fogel
U.S. District Court Judge

<u>SETTLEMENT AGREEMENT</u>

Subject to Court approval, the Parties (as defined below) agree to settle the Action (as defined below) under the following terms:

## I.   DEFINITIONS

The following are the definitions of certain terms used in this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement shall also be effective.

1.01   "Action" means the legal proceeding pending in the United States District Court, Northern District of California, San Jose division, titled *Elizabeth Medrano v. Romos Auto Sales, LLC.* Case No. C08-00872 JF.

1.02   "Agreement" means this Settlement Agreement.

1.03   "RAS" means Romos Auto Sales, LLC.

1.04   "RAS' Counsel" means the law firm of Willoughby, Stuart & Bening; and the law firm of Tharpe & Howell.

1.05   "Settlement Administrator" means The Watsonville Law Center.

1.06   "Court" means the United States District Court, Northern District of California.

1.07   "Counsel" means RAS' Counsel and Plaintiff's Counsel.

1.08   "Date of Final Distribution" means 10 calendar days after the second and final payment made by RAS.

1.09   "Final Settlement Hearing" means the hearing to be conducted by the Court to determine whether to enter the Judgment.

1.10   "Judgment" means a judgment and order, dismissing the claims of the Representative Plaintiff and the Settlement Class with prejudice, and ordering payment to the Representative Plaintiff.

1.11    "Parties" means the Representative Plaintiff, the Settlement Class, and RAS.

1.12    "Plaintiff's Counsel" means the Alexander Community Law Center, The Watsonville Law Center, and the Law Office of William E. Kennedy.

1.13    "Preliminary Approval" of this Agreement means that the Court has entered orders in this Action certifying a settlement class and preliminarily approving the terms and conditions of this Agreement, including the manner of providing notice to the Settlement Class.

1.14    "Representative Plaintiff" means Elizabeth Medrano.

1.15    "Settlement Class" consists of all persons who signed a contract with RAS starting February 8, 2007 and ending on October 30, 2008, where all of the following conditions apply:

    a.    the contract permitted the buyer to make payments over six or more months;

    b.    the contract indicated that the buyer was receiving a zero percent Annual Percentage Rate;

    c.    the contract does not indicate that the vehicle would be used primarily for business or commercial purposes.

1.16    "Settlement Class Counsel" means the Alexander Community Law Center, The Watsonville Law Center, and the Law Office of William E. Kennedy.

1.17    "Settlement Class Member" means any person who is included in the Settlement Class.

1.18    As used herein, the plural of any defined term includes the singular thereof and the singular of any defined term includes the plural thereof, as the case may be.

## II.   THE LITIGATION

2.01    On or about February 8, 2008, Elizabeth Medrano initiated the Action against RAS.  The Action asserted class-wide violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. and the California Unfair Competition Law, Business and Professions Code §17200 *et seq*; as well as an individual claims for declaratory relief.

2.02    RAS denies the material allegations made in the Action and denies any and all liability with respect to any and all facts and claims alleged in the Action and further denies that the Representative Plaintiff and/or the Settlement Class have suffered any damage, or are entitled to any recovery.  RAS filed and served an Answer denying liability and contesting all claims alleged in the Action.

2.03    Counsel have conducted an investigation into the facts and law relating to the Action.  Plaintiff's Counsel are satisfied that the terms and conditions of this Agreement are fair, reasonable, adequate and equitable, and that a settlement of the Action is in the best interests of the Representative Plaintiff and the Settlement Class.

2.04    RAS denies liability, but nevertheless agrees to settle the Action on the terms and conditions herein set forth, for the purposes of avoiding the burden and expense of continuing litigation.

## III.   TERMS OF THE SETTLEMENT

3.01    The Settlement Class shall be certified and Plaintiff's Counsel shall be appointed to serve the Settlement Class. Defendants shall not oppose certification of the Settlement Class. The certification of the Settlement Class shall be binding only with respect to the settlement set forth in this Agreement.  In the event this Agreement shall terminate for any reason, any order

certifying the Settlement Class shall be vacated, and this Action shall revert to its status with respect to class certification as existed before the date of the execution of this Agreement.

3.02     Along with the application for Preliminary Approval of this Agreement, the Parties shall apply to the Court for the entry of an order, in the form of the [Proposed] Order Granting (1) Conditional Certification of a Settlement Class; (2) Preliminary Approval of Settlement Agreement; (3) Order for Distribution of Class Notice; and (4) Setting Hearing for Final Approval, attached as Exhibit A.

3.03     Settlement Class Members will receive the following benefits:

(a)     All Class Members shall receive $100.00.

(b)     In addition to payments under subdivision (a), Class Members will receive 22% of the differential (hereafter 'the DIFFERENTIAL') between the "cash price vehicle" set forth in the vehicle purchase contract and "Kelley Blue Book retail value"  The Kelley Blue Book Value shall be determined by the Year, Make, Model and mileage only. The Blue Book value operative on the date of sale shall be used.

(c)     To the extent Settlement Class Members have an outstanding balance due directly to RAS as of five court days after Final Approval, the payments set forth in subsections (a) and (b) shall take the form of a credit. To the extent that Settlement Class Members have a balance owing to CAR Financial only, the payments shall take the form of a payment to CAR Financial. In such cases, RAS shall make the payment to CAR Financial at the same time the Administrator makes the Final Distribution to the other Settlement Class Members.

3.04     Defendant shall pay the costs of administration. The Watsonville Law Center will handle the administration of the class settlement. Defendant shall pay Plaintiff's Counsel

$15,000.00 for such administration of services. Such payment shall be due fifteen days after Preliminary Approval.

3.05    Defendant may make the payments required in 3.03(a) and (b) that are not subject to 3.03(c), in two installments. Defendants shall make a first payment of $100,000 within 30 days of Final Approval of the class settlement. The second installment, for all additional amounts due, shall be due three months after the first payment. Both payments shall be made to the Settlement Administrator, who shall issue the payments to Class Members.

3.06    On or before the Date of Final Distribution, the Settlement Administrator will issue checks to Settlement Class Members.  The Settlement Administrator will notify RAS, through its counsel, of the exact Date of Final Distribution on, or within one business day of that date.  The checks referred to herein ("Settlement Checks") will only be negotiable for 180 days, and will bear a legend indicating so. The Settlement Administrator will provide an affidavit confirming the mailing of the Settlement Checks, which Plaintiff's counsel will file with the Court.  Exactly five court days after Final Approval, RAS will determine how many of the Settlement Class Members owe a balance directly to Romos. On that date, RAS will issue a credit on his books equal to the sum of $100.00 plus 22% of the DIFFERENTIAL. RAS will provide an affidavit to Plaintiff's Counsel within fifteen court days of the Date of Final Distribution which sets forth which Settlement Class Members owed a balance as of five court days after Final Approval, the amount of credit issued to such Settlement Class Members, and the amount of the remaining balance.   In that affidavit, RAS shall also affirm that it complied with the CAR Financial payment obligations set forth in paragraph 3.03(c).

3.07    If according to the current records of RAS there are co-borrowers on an Account, then the Settlement Check shall be made payable to both named borrowers.  If a Settlement Class

Member who is entitled to a payment is deceased on the Date of Final Distribution, and because of said death the Settlement Check cannot be negotiated, then the Settlement Administrator will reissue that check within 60 days of the Date of Final Distribution upon presentation of: (1) the originally issued check, (2) evidence documenting the death of the Settlement Class Member, and (3) direction as to whom the payment should be made. If, prior to reissuing the Settlement Check, the Settlement Administrator receives competing directions as to whom the Settlement Check should be reissued, then the Settlement Administrator shall advise the competing claimants of that fact, and it shall be claimants' sole responsibility to obtain, an order of instruction from the Court directing the Settlement Administrator as to which claimant the Settlement Check should be made payable.

3.08    According to the records of RAS, there are 526 accounts of the Settlement Class members. .

3.09    If any portion of the Class Settlement Funds cannot be distributed to class members and/or checks are not cashed, the remaining amount shall be distributed *cy pres* to California Rural Legal Assistance (CRLA) and Consumers for Auto Reliability and Safety (CARS), which each organization shall receive 50% of the *cy pres* proceeds. Thereafter the Settlement Administrator may close the account.

3.10    Plaintiff's Counsel and Settlement Class Counsel shall together make an application to the Court for an award of attorneys' fees, costs and expenses (including the fees of experts and consultants, if applicable) not to exceed $75,000.00. RAS shall not oppose any application by Plaintiff's Counsel for reasonable attorney's fees and costs, up to $75,000.00. Plaintiff shall not apply for any amount in excess of $75,000.00. The attorneys' fees, costs and expenses awarded by the Court shall be paid by RAS on the Date of Final Distribution through a

check made out to "KGACLC Trust" and delivered to the Alexander Community Law Center. Once such funds are paid, their distribution shall be the sole responsibility of the Alexander Community Law Center. The award for attorneys' fees, costs and expenses shall be paid separate from and in addition to the payments to the Settlement Class Members and Representative Plaintiff and shall not reduce the amounts of those payments.

3.11   Elizabeth Medrano shall receive an incentive award as follows: (1) RAS will waive any balance still allegedly owing to RAS; (2) RAS will return Ms. Medrano's check in the amount of $5,124.08; (3) Ms. Medrano will participate in the settlement in that she will receive $100.00. The $100.00 should be in the form of a check or draft payable to 'Elizabeth Medrano' and should be delivered – together with the above-referenced $5,124.08 check – to the Watsonville Law Center on or before the Date of Final Distribution.

3.12   Should the Court decline to approve all material aspects of this settlement, refuse to conditionally certify the Settlement Class for purposes of this settlement (although insubstantial differences of wording of the ultimate definition of the Settlement Class shall have no effect on this Agreement), fail to grant final approval of this settlement, or for any reason not enter Judgment, this Settlement Agreement shall not be binding, and RAS shall have no obligation to make any payment.

3.13   Subject to Final Approval, and in consideration of the mutual promises contained herein, Representative Plaintiff and the Settlement Class Members who do not opt-out of this settlement fully and finally release RAS, its owners, successors, predecessors, assigns, parent corporations, subsidiaries, affiliated companies, and all of their respective present and former employees, officers, directors, agents, attorneys, members, and stockholders (the "Released Parties"), from any and all claims, known and unknown, arising under California or other state

law or federal statute, ordinance, regulation, common law, or other source of law, whether or not

such claims are in the nature of damages, penalties, attorneys' fees and/or injunctive relief,

whether in contract, tort, or pursuant to a statutory remedy, including any claims for attorneys'

fees, costs of prosecution, and the like, related to the credit disclosures, or lack of credit

disclosures made in association with the financing of motor vehicles by RAS. (The claims being

released are referred to in this Agreement as "Settlement Class Members' Released Claims.")

  3.14 With respect to Settlement Class Members' Released Claims, the Representative

Plaintiff and the Settlement Class Members shall be deemed to have, and by operation of the

Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law,

the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is

applicable, or any other similar provision under federal, state or local law to the extent an such

provision is applicable), which is quoted below:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**

Thus, subject to and in accordance with the provisions of this Agreement, even if the

Representative Plaintiff and/or Settlement Class Members may discover facts in addition to or

different from those which they now know or believe to be true with respect to the subject matter of

the Settlement Class Members' Released Claims, each Representative Plaintiff and Settlement

Class Member, upon the Final Approval Date, shall be deemed to have and by operation of the

Judgment shall have, fully, finally, and forever settled and released any and all of each

Representative Plaintiff's and/or Settlement Class Members' Released Claims.  This is true whether

each Representative Plaintiff's and/or Settlement Class Members' Released Claims are known or

unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or

hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing

or coming into existence in the future, including, but not limited to, conduct which is negligent,

intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the

subsequent discovery or existence of such different or additional facts.

## IV.    APPROVAL OF CLASS SETTLEMENT

4.01    This Agreement contemplates that Plaintiff's Counsel shall prepare all required

documents and shall be responsible for filing them with the Court, including but not limited to

documents for obtaining preliminary court approval of the Settlement, certifying a conditional

Settlement Class, notifying Class Members, obtaining final Court approval of the Settlement, and

distributing the Settlement Proceeds.

4.02    Plaintiff shall file a Petition for (1) Conditional Certification of a Settlement

Class; (2) Preliminary Approval of Settlement Agreement; (3) Order for Distribution of Class

Notice; and (4) Settling Hearing for Final Approval, and supporting papers.  RAS will not

oppose any hearing before the Court on a date set by the Court to obtain preliminary approval of

the Settlement, nor will it oppose any action by the Court to enter the Order without a hearing.

The date of "Preliminary Approval" shall be the date that RAS' Counsel have both received

actual notice (including receipt of any electronic notification issued by the Court) of the Court's

preliminary approval of this settlement.

4.03    A Notice of Proposed Class Action Settlement in the English and Spanish forms

attached hereto as Exhibits B and C (the "Class Notice") shall be provided to Settlement Class

Members, who will have the opportunity to submit objections to this settlement, and/or requests

for exclusion from the Class, using the procedures described herein.  The Class Notice shall be

distributed by the Settlement Administrator working in conjunction with RAS in the following manner: (1) within 15 days of Preliminary Approval, RAS shall compile a list of class members and their addresses as derived from its records. Romos shall provide that list to the Settlement Administrator, together with A) the cash price of the vehicle that the consumer purchased (item 1.A.1 on the purchase contract); B) the year, make and model of the vehicle the consumer purchased; C) the mileage at time of sale; (2) the Class Notice, along with a Spanish language translation of the Class Notice, shall both be sent by the Settlement Administrator by first-class U.S. Mail to Settlement Class Members within 35 days of the date of Preliminary Approval. Prior to the Final Approval Hearing, RAS and the Settlement Administrator shall file with the Court a declaration detailing compliance with this section; (3) if a Class Notice is returned because of an incorrect address, the Settlement Administrator shall have 15 days from receipt of such returned Original Notice to search for a more current addresses. The Settlement Administrator will submit to the United States Postal Service (USPS) an Address Information Request. If new address information is obtained within 15 days, the Settlement Administrator shall promptly forward the Class Notice to the addressee via first-class regular U.S. Mail, and shall notify Counsel of the date of each remailing. It shall be conclusively presumed that the intended recipient received the remailing if the remailing has not been returned to the Settlement Administrator as undeliverable within 15 days of mailing. The Settlement Administrator shall keep records of when a Class Notice is returned because of an incorrect address and provide a final report on the number of Class Notices returned as undeliverable to Counsel in writing within 10 days of the last remailing.

4.04    The Settlement Administrator shall make the following additional efforts to locate and notify members of the Setttlement Class of their rights and to facilitate their participation in the Settlement:

a.    prepare and distribute at its discretion an announcement of the settlement to provide notice of the settlement to the public; however, such notice shall not be made by television, radio and/or newspaper;

b.    provide settlement announcements at its discretion to community outreach organizations such as California Rural Legal Associations (CRLA), Catholic Charities Watsonville, and other appropriate organizations.

4.05    The Settlement Class Members' names, addresses and identifying information shall remain confidential and shall not be disclosed to anyone, except: (1) to carry out the reasonable efforts described in section 4.03; (2) pursuant to express written authorization by such individuals whos information is to be disclosed; or (3) by order of the Court.

4.06    It will be conclusively presumed that the intended recipient received the Class Notice if the Class Notice has not been returned to the Settlement Administrator as undeliverable within 15 days of mailing or remailing.

4.07    The Parties agree that there shall be no additional mailings to the Class other than those contemplated by sections 4.03 and 4.04 above. Furthermore, Romos shall have no obligation to locate Settlement Class Members other than what is described in sections 4.03 and 4.04 above. Settlement Class Members who are not located or whose checks are not cleared within 180 days after the Date of Final Distribution shall be ineligible to receive any payment from Romos, but shall otherwise be bound by this Agreement and any judgment entered in the Action.

4.08     The Settlement Administrator shall recall and otherwise recover any additional
publication of class notification efforts made under section 4.04 upon the Date of Final
Distribution.

4.09     Individuals who fall within the definition of the Class may choose to opt out of
the Class under such procedures as may be adopted by the Court, which shall be reflected in the
Class Notice.  Class Members who wish to opt out of this settlement must inform the Settlement
Administrator in writing no later than 30 days after the Class Notice is mailed to that individual.
(This deadline is referred to herein as the "Objection/Exclusion Deadline Date.")  Any such
individuals who wish to opt out of the Settlement Class ("Opt-Out Plaintiffs") will receive no
compensation pursuant to this Agreement.  Every Settlement Class Member who does not timely
opt out shall be deemed a Settlement Class Member.  Counsel shall receive a copy of all validly
executed opt-out forms from the Settlement Administrator within 10 days of receipt.

4.10     Individuals who fall within the definition of the Class may also choose to
intervene or object to (but not opt-out of) the settlement.  The Class Notice shall provide that
Settlement Class Members who wish to intervene or object to this settlement must file with the
Court and serve on Counsel either a written statement objecting to this settlement, or a written
notice of intention to appear at the Final Settlement Hearing and object.  Such written statement
or notice must be filed with the Court and served no later than the Objection/Exclusion Deadline
Date.

4.11     Class members who fail to file and serve timely written objections or notice of
intention to appear and object in the manner specified above shall be deemed to have waived any
objections and shall be foreclosed from making any objection (whether by appeal or otherwise)
to this settlement.  Settlement Class Members who fail to file and serve a valid and timely

request for exclusion on or before the Objection/Exclusion Deadline Date shall be bound by all terms of the Settlement and any Judgment if the Settlement is approved by the Court, regardless of whether they have objected to the Settlement. No later than 40 days before the Final Settlement Hearing, the Settlement Administrator shall provide Counsel with a list of Settlement Class Members who have timely requested exclusion from the Settlement Class.

     4.12    The Parties shall request that the Court grant Final Approval to the settlement and enter final judgment in accordance with this Agreement, in the form of Exhibit D hereto, which: (1) approves this Agreement as final, fair, reasonable, adequate, and binding on all members of the Settlement Class who have not excluded themselves from this settlement; (2) orders that Settlement Class Members and Representative Plaintiff be paid, and (3) dismisses all claims by the Settlement Class with prejudice. No later than 10 days before the Final Settlement Hearing, and under the terms set forth in section 4.01 above, Plaintiff's Counsel shall file a memorandum of points and authorities in support of this settlement.

     4.13    After entry of the Judgment, the Court shall have continuing jurisdiction over the Action solely for purposes of: (1) enforcing this Settlement Agreement; (2) addressing settlement administration matters; and (3) addressing such post-judgment matters as may be appropriate under applicable law.

## V.    OTHER PROVISIONS OF THIS SETTLEMENT

     5.01    This Agreement is entered only for purposes of settlement. If this Agreement is not approved or does not become final for any reason, this Agreement and the Settlement Class, and anything said or done pursuant to this Agreement, or as part of the negotiations leading hereto, shall be null and void and shall not be used in this or any other proceeding for any purpose.

5.02     Whether or not the Settlement becomes final, neither the Settlement, nor any document, statement, proceeding or conduct related to the Agreement, nor any reports or accounting thereof shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Released Parties, including but not limited to evidence of a presumption, concession, indication or admission by any of the Released Parties of any liability, fault, wrongdoing, omission, concession or damage; or, disclosed, referred to or offered in evidence against any of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or administrative action or proceeding except for purposes of effectuating this settlement pursuant to this Agreement, and except as otherwise required by law. This section and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement, or in defense of any claims released or barred by this Agreement.

5.03     Any disputes relating to the Settlement Administrator's ability and need to perform its duties shall be referred to the Court if they cannot be resolved by the Parties.  The Settlement Administrator shall regularly report to Counsel, in written form when requested or required, the substance of the work performed.

5.04     All terms of this Agreement and its Exhibits shall be governed by and interpreted according to the laws of the State of California, without giving effect to any conflict of law principles or choice of law principles.

5.05     The terms and conditions set forth in this Agreement constitute the complete and exclusive statement of the agreement between the Parties hereto relating to the subject matter of this Agreement, superseding all previous negotiations and understandings, and may not be

contradicted by evidence of any prior or contemporaneous agreement. The Parties further intend that this Agreement constitutes the complete and exclusive statement of its terms as between the Parties hereto and that no extrinsic evidence may be introduced in any judicial proceeding, if any, involving this Agreement.

5.06    No waiver of any obligations under this Agreement will be enforceable or admissible unless set forth in a writing signed by the Party against which enforcement or admission is sought. No delay or failure to require performance of any provision of this Agreement shall constitute a waiver of that provision as to that or any other instance. Any waiver granted shall apply solely to the specific instance expressly stated. The waiver by any party of any provision or breach of this Agreement shall not be deemed a waiver of any other provision or breach of this Agreement.

5.07    Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by U.S. Mail, addressed as follows:

**To the Settlement Class or the Representative Plaintiff:**

Scott Maurer
Alexander Community Law Center
1030 The Alameda
San Jose, CA 95126

William E. Kennedy
Law Office of William E. Kennedy
2797 Park Avenue, Suite 201
Santa Clara, CA 95050

**To RAS:**

Randall E. Willoughby, Esq.
Willoughby, Stuart & Bening, Inc.
50 W. San Fernando Street
Suite 400

San Jose, California 95113

5.08    The Parties and Counsel waive any and all rights to appeal the Judgment, this waiver being contingent upon the Court entering a Judgment that is consistent with the terms set forth in this Agreement. This waiver includes waiver of all rights to any post-judgment proceeding and appellate proceeding, including but not limited to motions to vacate judgment, motions for new trial, and extraordinary writs. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings, if any.

5.09    The determination of the terms of, and the drafting of, this Agreement has been by mutual agreement after negotiation, with consideration by and participation of all Parties hereto. The presumption found in Civil Code section 1654 or any other rule or principle of law of similar effect that uncertainties in a contract are interpreted against the party causing an uncertainty to exist is hereby waived by all Parties.

5.10    This Agreement shall be binding upon, and inure to the benefit of, the respective heirs, successors and assigns of each of the Parties.

5.11    The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

5.12    This Agreement may be executed in multiple identical counterparts, each of which shall be deemed an original, and counterpart signature pages may be assembled to form a single original document. Furthermore, this Agreement may be executed and delivered by the exchange of electronic facsimile copies or counterparts of the signature page, which facsimile copies or counterparts shall be binding upon the Parties.

By signing below, each Party enters into this Agreement. Each person signing this Agreement represents and warrants that he or she has been duly authorized to enter into this Agreement on whose behalf it is indicated that the person is signing.

DATED: April 28, 2009         _Elizabeth Medrano_____
                               ELIZABETH MEDRANO as an individual and as
                               the Representative Plaintiff

DATED: _____     _____

                               ROMOS AUTO SALES LLC

                               By: _____

                               (Print) _____

                               (Position_____

By signing below, each Party enters into this Agreement.  Each person signing this

Agreement represents and warrants that he or she has been duly authorized to enter into this

Agreement on whose behalf it is indicated that the person is signing.


DATED:  January __, 2009

_____
ELIZABETH MEDRANO as an individual and as
the Representative Plaintiff


DATED: ~~January~~ __, 2009      *April 24*

ROMOS AUTO SALES LLC

By: _____

(Print) _____

(Position) _____

<u>APPROVED AS TO FORM AND CONTENT</u>:

DATED:  April 30, 2009          ALEXANDER COMMUNITY LAW CENTER

                        By:     _____
                                SCOTT MAURER
                                Attorneys for Plaintiff Elizabeth Medrano and the
                                Settlement Class


DATED:  April 29, 2009          WATSONVILLE LAW CENTER

                        By:     _____
                                DORI ROSE INDA
                                Attorneys for Plaintiff Elizabeth Medrano and the
                                Settlement Class


DATED:  April ___, 2009         LAW OFFICE OF WILLIAM E. KENNEDY

                        By:     _____
                                WILLIAM E. KENNEDY
                                Attorneys for Plaintiff Elizabeth Medrano and the
                                Settlement Class


DATED:  April ___, 2009         WILLOUGHBY, STUART & BENING

                        By:     _____
                                Randall E. Willoughby, Esq.
                                Attorneys for Defendant Romos Auto Sales, LLC


DATED:  April ___, 2009         THARPE & HOWELL

                        By:     _____
                                Jeffrey J.A. Hinrichsen, Esq.
                                Attorneys for Defendant Romos Auto Sales, LLC

APPROVED AS TO FORM AND CONTENT:

DATED: April __, 2009                    ALEXANDER COMMUNITY LAW CENTER

                              By: _____
                                  SCOTT MAURER
                                  Attorneys for Plaintiff Elizabeth Medrano and the
                                  Settlement Class.

DATED: April __, 2009                    WATSONVILLE LAW CENTER

                              By: _____
                                  DORI ROSE INDA
                                  Attorneys for Plaintiff Elizabeth Medrano and the
                                  Settlement Class

DATED: April 29 2009                     LAW OFFICE OF WILLIAM E. KENNEDY

                              By: _____
                                  WILLIAM E. KENNEDY
                                  Attorneys for Plaintiff Elizabeth Medrano and the
                                  Settlement Class

DATED: April __, 2009                    WILLOUGHBY, STUART & BENING

                              By: _____
                                  Randall E. Willoughby, Esq.
                                  Attorneys for Defendant Romos Auto Sales, LLC

DATED: April 13 2009                     THARPE & HOWELL

                              By: _____
                                  Jeffrey V.A. Hinrichsen, Esq.
                                  Attorneys for Defendant Romos Auto Sales, LLC

<u>APPROVED AS TO FORM AND CONTENT</u>:

DATED: April __, 2009                    ALEXANDER COMMUNITY LAW CENTER

                                By:    _____
                                       SCOTT MAURER
                                       Attorneys for Plaintiff Elizabeth Medrano and the
                                       Settlement Class


DATED: April __, 2009                    WATSONVILLE LAW CENTER

                                By:    _____
                                       DORI ROSE INDA
                                       Attorneys for Plaintiff Elizabeth Medrano and the
                                       Settlement Class

DATED: April __, 2009                    LAW OFFICE OF WILLIAM E. KENNEDY

                                By:    _____
                                       WILLIAM E. KENNEDY
                                       Attorneys for Plaintiff Elizabeth Medrano and the
                                       Settlement Class


DATED: ~~April~~ May 7 __, 2009          WILLOUGHBY, STUART & BENING

                                By:    George W. Dowelle jr
                                       Randall E. Willoughby, Esq.
                                       Attorneys for Defendant Romos Auto Sales, LLC


DATED: April __, 2009                    THARPE & HOWELL

                                By:    _____
                                       Jeffrey J.A. Hinrichsen, Esq.
                                       Attorneys for Defendant Romos Auto Sales, LLC


DraftAgreement 9 - RAS pays CFS (FINAL)
18

Scott Maurer, C.S.B. #180830
KATHARINE & GEORGE ALEXANDER
COMMUNITY LAW CENTER
1030 The Alameda
San Jose CA 95126
(408) 288-7030 – Tel.
(408) 288-3581 – Fax

William E. Kennedy, C.S.B. #158214
LAW OFFICES OF WILLIAM E. KENNEDY
2797 Park Ave #201
Santa Clara, CA 95050
(408) 241-1000 – Tel.
(408) 241-1500 – Fax

Dori Rose Inda, C.S.B. #211866
Henry W. Martin, C.S.B. #232106
WATSONVILLE LAW CENTER
521 Main Street, Suite H
Watsonville, CA 95076
(831) 722-2845 – Tel.
(831) 761-3295 – Fax

Attorneys for Plaintiff Elizabeth Medrano
and others similarly situated

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MEDRANO, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> ROMOS AUTO SALES LLC, <br><br> Defendant. | Case No.:  C-08-00872 JF <br><br> [PROPOSED] ORDER (1) CONDITIONALLY CERTIFYING A SETTLEMENT CLASS; (2) GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT; (3) PROVIDING FOR THE DISTRIBUTION OF CLASS NOTICE; AND, (4) SETTING A HEARING FOR FINAL APPROVAL <br><br> Date: _____ <br> Time: ____ a.m. <br> Dept.:   Hon. Jeremy Fogel |

On _____, Plaintiffs submitted an application for an Order (1) Conditionally Certifying a Settlement Class; (2) Granting Preliminary Approval of Settlement Agreement; (3) Providing for Distribution of Class Notice; and (4) Setting a Hearing for Final Approval. In support of the Application, Plaintiffs filed Points and Authorities, the Proposed Settlement Agreement and the Declarations of William E. Kennedy and Scott Maurer.  Under the terms of the Proposed Settlement Agreement entered into by the parties, Defendant has agreed not to file an opposition to the application.  Having read and considered all papers provided, and having reviewed the Proposed Settlement Agreement,

THE COURT HEREBY GRANTS THE APPLICATION AND ORDERS AS FOLLOWS:

(1) The Court certifies a Settlement Class, conditioned on final approval of the settlement. The Court further finds (a) that this action may be maintained as a class action pursuant to Federal Rules of Civil Procedure Rule 23(b)(3), (b) that the named plaintiff is an adequate representative of the settlement class, and (c) that class counsel is competent;

(2) The court preliminarily approves the Settlement Agreement entered into by all parties to this action;

(3) The Court orders Class Notice, as set forth in ¶4.03 of the Settlement Agreement.  Notice will be in the form attached to the Settlement Agreement as Exhibit B, and the Spanish translation thereof (Exhibit C).  Class members names and addresses will be provided by the Defendant to the Class Administrator within 15 days of Preliminary Approval, and Notice shall be mailed by the Class Administrator to affected persons within 35 days of the date of Preliminary Approval as defined in ¶1.13 of the Settlement Agreement.  The

1   Class Administrator will take actions required pursuant to ¶4.03 of the Settlement

2   Agreement if the Notice is returned, in order to provide adequate notice to the Class;

3   (4)  The Court orders a Final Fairness Hearing before this Court to take place on _____,

4

5   2008;

6   (5)  The Court orders that pursuant to ¶4.09 of the Settlement Agreement, each Settlement

7   Class Member who wishes to opt out of the settlement agreement has 30 days from the

8   date of mailing Notice to inform the Settlement Administrator in writing.

9   (6)  The Court orders that pursuant to ¶4.10 of the Settlement Agreement, those individuals

10   who choose to object or intervene must file with the Court and serve on Counsel either a

11   written statement objecting to this settlement, or a written notice of intention to appear at

12   the Final Settlement Hearing and object.  Such written statement or notice must be filed

13

14   with the Court and served no later than 30 days from the date of mailing Notice.

15   (7)  The Court orders The Watsonville Law Center of Watsonville, California be appointed as

16   the Class Administrator, which shall mail Class Notice and perform all other acts required

17

18   of it under the terms of the Settlement Agreement.

19

20

21   DATED: _____           _____

22                               Hon. Jeremy Fogel
                                U.S. District Court Judge
23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| ELIZABETH MEDRANO, on behalf of herself and others similarly situated,<br><br>       Plaintiffs,<br><br> vs.<br><br>ROMOS AUTO SALES LLC,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No.:  C08-00872 JF<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

### PLEASE READ THIS NOTICE CAREFULLY - THIS IS *NOT* A LAWSUIT AGAINST YOU

**To:** All California residents who signed a contract with Romos Auto Sales, LLC for the purchase of a vehicle between the dates of February 8, 2007 and October 30, 2008, provided the contract: (a) permitted the buyer to make payments over six or more months, (b) indicated that the buyer was receiving a zero percent Annual Percentage Rate, and (c) does not indicate that the vehicle would be used primarily for business or commercial purposes.

It appears from the Defendant's records that you are a member of the class affected by the proposed settlement and, as a result, that you are entitled to certain benefits which are described below.  You are being sent this notice to explain the nature of the lawsuit and the terms of settlement, and inform you of your legal rights and obligations.

### WHAT THIS LAWSUIT IS ABOUT

On February 8, 2007, Elizabeth Medrano filed the above-captioned suit ("the Action") against Romos Auto Sales, LLC ("RAS").  The Action asserted class-wide violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*. and California's Unfair Competition Law, as well as an individual claim for declaratory relief. Specifically, Ms. Medrano alleged that -- despite advertising 0% APR terms -- RAS failed to disclose certain finance charges tht were included in the purchase price to credit customers. Ms. Medrano alleges that the amount and rate of interest should have been separately disclosed, and that the inclusion of such finance charges in the displayed vehicle base prices caused consumers to pay excessive sales taxes and license fees.

EXHIBIT B

RAS denied all of the claims and raised a number of defenses.  RAS contends that it did not violate any laws.  RAS does not agree or admit that it is liable for any claims in this lawsuit or that the class members can prove that they were damaged.  The Court has not found that RAS violated any laws at issue in this action.

## THE PROPOSED SETTLEMENT

The Class Representative and the Defendant have agreed to the settlement described below in order to avoid the risks to both sides of going to trial and to avoid the delay in benefits class members would receive after lengthy litigation. You do not need to do anything in order to receive the benefits of this settlement. If you move in the next six months, you must give notice of your change of address to the Settlement Administrator. If the settlement is finally approved by the Court, you will be entitled to receive the benefits described below.

**Benefits to Class Members**

All Class Members will receive $100.00. In addition, Class Members who paid a vehicle base price higher than retail (according to the Kelley Blue Book Guide) will receive a refund of 22% of the amount they paid over retail value. If you have paid off your vehicle, you will receive a check in the mail. If you have an outstanding balance due directly to RAS as of five days after this settlement receives final approval by the court, your benefit will be in the form of a credit. If you have a balance owing to Car Financial Services, your benefit will be in the form of a credit to your Car Financial Services balance.

**Benefits to the Class Representative**

The settlement agreement provides that RAS will waive Ms. Medrano's outstanding balance and return to Ms. Medrano a check that she tendered to RAS in the amount of $5,124.08. Ms. Medrano will also receive $100.00 as a participant in the class settlement.

**Disbursement of Unclaimed Funds**

If any portion of the Class Settlement Funds cannot be distributed to class members and/or issued checks are not cashed, the remaining amount shall be distributed to California Rural Legal Assistance (CRLA) and Consumers for Auto Reliability and Safety (CARS). Each organization shall receive 50% of any unclaimed settlement funds.

**Attorney's Fees**

Defendant has agreed to pay the costs and attorney's fees for the Class in an amount not to exceed $75,000.  The attorneys' fees and costs will be paid separately and will not reduce the amount of money paid to the Class Members.

**Release**

EXHIBIT B

In exchange for the benefits to the Class described herein, RAS will be released from all claims related to the credit disclosures, or lack of credit disclosures made in association with the financing of motor vehicles by RAS. All class members will be bound by this release unless they exclude themselves or object to the settlement as described below.

## OPINION OF CLASS COUNSEL CONCERNING THE SETTLEMENT

The attorneys for the Class believe, given the uncertainties of litigation and the remaining legal and factual issues, that this is a fair and reasonable settlement.

## YOUR RIGHTS AND HOW TO CLAIM YOUR SHARE

**In order to receive the benefits to which you are entitled under this agreement, you do not need to do anything.** After the Court issues Final Approval, you will receive a check or credit.

**If you do not want to participate in the class settlement, you must notify the Settlement Administrator, in writing, at the following address: The Watsonville Law Center; 521 Main Street, Suite H; Watsonville, CA 95076.** You must state in writing that you wish to be excluded from the Class, and mail your letter no later than 30 days after the date of the mailing of this Notice.

If you exclude yourself and thus choose not to participate in the settlement class, you will have the right to bring an individual lawsuit on your own behalf against the Defendant if you bring it within the time allowed by law. If you bring such a lawsuit and win you might recover a larger amount of money than you will receive under this class settlement. If you lose your own lawsuit, however, you will recover nothing.

You also have the right to object, intervene or appear at the hearing in which the court will decide whether to approve the class settlement, as long as you provide proper written notice within 30 days after this Notice was mailed to you. To provide the required notice, you or your attorney will need to file the written notice with the Court, and mail the notice to the lawyers involved in this action. Those lawyers are:

Scott Maurer
KGACLC
1030 The Alameda
San Jose, CA  95126

and

Randall E. Willoughby, Esq.
Willoughby, Stuart & Bening
50 West San Fernando
San Jose, CA 95113.

EXHIBIT B

## FURTHER COURT PROCEEDINGS

A Final Fairness Hearing will be held before the Honorable Jeremy Fogel on or about _____, 2009 at 9:00 a.m. in Courtroom 3, U.S. District Court for the Northern District of California, 280 South First Street, San Jose, CA.   At the hearing, Judge Fogel will decide whether the proposed settlement is reasonable, adequate, and fair.  If Judge Fogel approves it, the settlement will be completed and the distributions will be made thereafter.  Class members who have filed an objection or wish to intervene must appear at the hearing to explain their position.  **You do not need to appear in order to receive your share of the class settlement.**

## ADDITIONAL INFORMATION

If you would like more information about this notice or this litigation, you may contact Plaintiff's counsel as follows: Scott Maurer; KGACLC; 1030 The Alameda; San Jose, CA 95126 (408) 288-7030.  The court papers filed in this case are available for inspection in the Office of the Clerk, U.S. District Court for the Northern District of California, San Jose Division, 280 South First Street, San Jose, CA 95113-3002.

**Please do not call the Judge or Clerk of the Court. They will not be able to give you advice about this case.**

4

EXHIBIT B

TRIBUNAL REGIONAL DE LOS ESTADOS UNIDOS

REGION DEL NORTE DE CALIFORNIA - DIVISIÓN DE SAN JOSÉ

| | |
|---|---|
| ELIZABETH MEDRANO, de su propia parte y de parte de otros en una situación similar,<br><br>      Demandantes,<br><br>      vs.<br><br>ROMOS AUTO SALES LLC,<br><br>      Acusados | Caso No.:  C08-00872 JF |

## AVISO DE LA PROPUESTA DE UN ARREGLO A LA DEMANDA COLECTIVA

FAVOR DE LEER ESTE AVISO CUIDADOSAMENTE – ESTA *NO ES* UNA DEMANDA CONTRA USTED.

**Para:** Todas las personas que firmaron un contrato con Romos Auto Sales, LLC para la compra de un vehículo entre las fechas del 8 de febrero del 2007 y el 30 de octubre del 2008, siempre en cuando el contrato: (a) le haya permitido al comprador hacer pagos por un periodo de seis o más meses, (b) haya indicado que el comprador recibiría una taza de interés anual (APR, con siglas en inglés) de 0%, y (c) no haya indicado que el vehículo sería dedicado primordialmente para usos comerciales o de negocios.

Al parecer, de acuerdo a los registros del Acusado, usted es uno (una) de los (las) participantes en esta demanda colectiva que sería afectada por este arreglo que ahora se propone.  Por consiguiente, usted podría tener derecho a ciertos beneficios que se describen a continuación.  Se le manda este aviso para explicarle de lo que se trata esta demanda, para delinear los términos del arreglo, y para informarle sobre sus derechos y obligaciones legales.

## DE LO QUE SE TRATA ESTA DEMANDA

El 8 de febrero del 2007, Elizabeth Medrano presentó la demanda mencionada arriba ("la Demanda") contra Romos Auto Sales, LLC ("RAS").  La demanda establece quebrantamientos múltiples al Acta de Prestamos Honestos (Truth in Lending Act), 15 U.S.C. § 1601 *et seq*., y la Ley de Competencia Injusta de California, así como un quebrantamiento individual a los

EXHIBIT C

requisitos de declaración de información.  Específicamente, Medrano alega que a pesar de la promoción de un APR de 0%, RAS no declaró ciertos cargos que fueron incluidos en el precio de compra para aquellas personas que decidieron hacer la compra a crédito.  La Sra. Medrano alega que la taza de interés debió haber sido revelada separadamente, y que el monto total de los cargos sumados al costo inicial del auto resultó en costos excesivos de impuestos de venta y de registro del auto.

RAS negó todos los cargos basándose en varios argumentos de defensa.  RAS no considera que quebrantó ninguna ley.  RAS no está de acuerdo ni admite que es responsable por ninguno de los reclamos en esta demanda, y además mantiene que ninguno de los miembros de la demanda colectiva puede probar prejuicios en su contra.   El Tribunal aún no ha determinado si RAS quebrantó cualquiera de las leyes mencionadas en esta demanda.


## EL ARREGLO QUE SE PROPONE

Los Representantes de esta Demanda Colectiva y los Acusados han llegado al acuerdo que se delinea a continuación como una manera de evitar los riesgos mutuos de tener que llevar el caso a juicio y para evitar la tardanza de los beneficios que los miembros de esta demanda colectiva podrían recibir después de un largo litigio.  **Usted no tiene que hacer nada para recibir los beneficios de este arreglo.**  Si se muda en los próximos seis meses, usted debe notificar por escrito su nueva dirección al Administrador de la Demanda.  Si el arreglo es finalmente aprobado por el Tribunal, usted tendría derecho de recibir los beneficios que se describen a continuación.


### Beneficios para el Representante de la Demanda Colectiva

Este acuerdo estipula que RAS eliminará el saldo de la deuda de la Sra. Medrano y le regresará a la Sra. Medrano el cheque que ella le entregó a RAS por la cantidad de $5,124.08.  La Sra. Medrano también recibirá $100.00 como resultado de su membresía en esta demanda colectiva.


### Repartición de los Fondos no Reclamados

Cualquier porción de los Fondos del Arreglo de la Demanda Colectiva que no pueda ser distribuida y/o cualquier cantidad de cheques que sean distribuidos pero que no sean cobrados serán donados a las organizaciones Asistencia Legal Rural de California (California Rural Legal Assistance, CRLA) y Consumidores para la Fiabilidad y Seguridad de los Autos (Consumers for Auto Reliability and Safety, CARS).   Cada una de estas organizaciones recibirá 50% de los fondos no reclamados.

### Honorarios Legales (costos de abogados)

Los Acusados están de acuerdo en pagar los honorarios de los abogados de los demandantes colectivos, hasta un máximo de $75,000 dólares.  Los honorarios de los abogados serán pagados

EXHIBIT C

independientemente del fondo para el arreglo y no reducirán el monto total que será pagado a los miembros de la demanda colectiva.

## Liberación de responsabilidad

A cambio de los beneficios ofrecidos a los miembros de la demanda colectiva, RAS será liberada de cualquier reclamo relacionado a las declaraciones de crédito, o a la falta de las mismas, para el financiamiento de automóviles de RAS.   Todos los miembros de la demanda obedecerán esta liberación a menos de que se excluyan ellos (ellas) mismos (mismas) o se opongan al arreglo como se describe a continuación.

## OPINION DE LOS ABOGADOS EN DEMANDA COLECTIVA CONCERNIENTE AL ARREGLO

Dada la incertidumbre del litigio y los asuntos legales y factibles pendientes, los abogados en la demanda colectiva opinan que este es un arreglo justo y razonable.

## SUS DERECHOS Y COMO RECLAMAR SU PARTE

**Usted no tiene que hacer nada para recibir los beneficios a los cuales usted tiene derecho bajo este arreglo.** Se le mandará a usted un cheque o se le regresará un crédito después de que el Tribunal emita su Aprobación Final del arreglo.

**Si usted no desea participar en este arreglo colectivo entonces debe notificarle al Administrador de la Demanda Colectiva por escrito a la dirección siguiente: The Watsonville Law Center; 521 Main Street, Suite H; Watsonville, CA 95076.** Deberá especificar por escrito que desea ser excluido(a) de la Demanda Colectiva, y tendrá que mandar su carta en no más de 30 días después de la fecha en que se haya mandado este Aviso

Si usted decide excluirse y por lo tanto no participar en este arreglo colectivo, usted tendrá el derecho a presentar su propia demanda individual contra el Acusado, pero solamente si la presenta durante el tiempo permitido por la ley.  Si decide presentar su propia demanda y gana su caso, es posible que usted pueda recuperar más dinero del que se le ofrece a través de este arreglo colectivo.  Sin embargo, si pierde el caso, usted no podrá recuperar nada.

Usted también tiene el derecho de oponerse, intervenir o comparecer a la audiencia durante la cual el tribunal decidirá la aprobación del arreglo colectivo, siempre en cuando usted presente el aviso por escrito durante un periodo de 30 días después de la fecha en que se haya mandado este Aviso.  Ya sea usted o su abogado deberá presentar ante el Tribunal el aviso escrito de sus intenciones, y el mismo aviso debe ser mandado a los abogados participantes en esta demanda colectiva.  Los abogados son:

EXHIBIT C

Scott Maurer
KGACLC
1030 The Alameda
San Jose, CA  95126

y

Randall E. Willoughby, Esq.
Willoughby, Stuart & Bening
50 West San Fernando
San Jose, CA 95113

## OTROS PROCEDIMIENTOS LEGALES ANTE EL TRIBUNAL

Habrá una Audiencia Final de Equidad ante el Honorable Juez Jeremy Fogel en o alrededor de _____ del 2009, a las 9:00 AM en la Sala 3 del Tribunal Superior de los Estados Unidos para la Región Norte de California, localizada en el 280 South First Street, San José, California.  Durante dicha audiencia el Juez Fogel decidirá si el arreglo que se propone es razonable, adecuado y justo.  Si el Juez Fogel lo aprueba, el arreglo será concluido y después se pagarán las distribuciones correspondientes.  Los miembros de la demanda colectiva que hayan presentado una objeción por escrito o que deseen intervenir deberán presentarse a la audiencia para presentar sus argumentos.  **Sin embargo, usted no tiene que comparecer a la audiencia para poder recibir su parte del arreglo.**

## INFORMACIÓN ADICIONAL

Si usted desea recibir más información sobre este aviso o esta demanda puede ponerse en contacto con el abogado del Demandante a esta dirección: Scott Maurer; KGACLC; 1030 The Alameda; San José, CA  95126, (408) 288-7030.  Los documentos legales archivados sobre este caso están disponibles para su inspección en la Oficina del Secretario (Office of the Clerk) del Tribunal Superior de los Estados Unidos para la Región Norte de California, División de San José, localizada en el 280 South First Street, San José, California 95113-3002.

**Le rogamos no llamar al Juez o al Secretario del Tribunal.  Ellos no podrán darle ningún tipo de consejo sobre este caso.**

EXHIBIT C

1   Scott Maurer, C.S.B. #180830
    KATHARINE & GEORGE ALEXANDER
2   COMMUNITY LAW CENTER
3   1030 The Alameda
    San Jose CA 95126
4   (408) 288-7030 – Tel.
    (408) 288-3581 – Fax
5

6   William E. Kennedy, C.S.B. #158214
    LAW OFFICES OF WILLIAM E. KENNEDY
7   2797 Park Ave #201
    Santa Clara, CA 95050
8   (408) 241-1000 – Tel.
    (408) 241-1500 – Fax
9

10  Dori Rose Inda, C.S.B. #211866
    Henry W. Martin, C.S.B. #232106
11  WATSONVILLE LAW CENTER
12  521 Main Street, Suite H
    Watsonville, CA 95076
13  (831) 722-2845 – Tel.
    (831) 761-3295 – Fax
14

15  Attorneys for Plaintiff Elizabeth Medrano
    and others similarly situated
16

17              IN THE UNITED STATES DISTRICT COURT
18            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE DIVISION
19

20  ELIZABETH MEDRANO, on behalf of herself:  Case No.: C-08-00872 JF
21  and all others similarly situated,
                                       :  CLASS ACTION
22          Plaintiff,                 :
                                       :  [PROPOSED]
23      vs.                            :  ORDER CERTIFYING CLASS,
                                       :  GRANTING FINAL APPROVAL OF
24  ROMOS AUTO SALES LLC,              :  CLASS SETTLEMENT, AWARDING
                                       :  ATTORNEY'S FEES AND COSTS TO
25          Defendant.                 :  PLAINTIFF; AND ENTERING
                                       :  JUDGMENT
26                                     :
27                                     :

28  _____

This cause came before the Court regularly for hearing pursuant to the Order issued by this Court on _____, 2009 granting, *inter alia*, Conditional Certification of a Settlement Class; Preliminary Approval of Settlement; Distribution of Class Notice; and Setting Hearing for Final Approval (hereafter "Preliminary Approval Order").  Class Notice, including notice of this hearing was sent in accordance with that Preliminary Approval Order.  The plaintiff has come before the Court seeking Final Approval of the Class Settlement.  A hearing was conducted on _____, 2009, at which the Plaintiff and the class were represented by Scott Maurer of the Alexander Community Law Center, William Kennedy of the Law Offices of William E. Kennedy, and Dori Rose Inda of The Watsonville Law Center. Randall E. Willoughby of Willoughby, Stuart & Bening appeared on behalf of Romos Auto Sales, LLC (hereinafter "RAS").  The Court has reviewed any objections to the class settlement it received and has given opportunity for oral objection during the hearing.  Having reviewed and considered the briefing submitted to the Court, and the Settlement Agreement, the Court finds:

       A.     Plaintiff and Defendant entered into a Class Action Settlement Agreement ("Settlement Agreement"), and the Court preliminarily approved the settlement on _____, 2009.  At the preliminary approval hearing, this Court conditionally certified, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class of all persons who signed a contract with Romos starting February 8, 2007 and ending on October 30, 2008, where all of the following conditions apply:.

       (1) the contract permitted the buyer to make payments over six or more months;

       (2) the contract indicated that the buyer was receiving a zero percent Annual Percentage Rate;

       (3) the contract does not indicate that the vehicle would be used primarily for business or commercial purposes.

1     B.  The Settlement Agreement has been submitted to the Court for final approval

2   pursuant to Rules 23(b)(3) and (e) of the Federal Rules of Civil Procedure and is attached to

3   this Order as Exhibit A.

4     C.  Notice to the class in a form approved earlier by the Court was mailed by the

5   Settlement Administrator, The Watsonville Law Center at 521 Main Street, Suite H,

6   Watsonville, CA 95076, as shown by the Declaration of Dori Rose Inda, filed with the

7   Application for Final Approval.  The Class Administrator mailed the approved Class Notice

8   in the form and manner approved by the Court on or about _____, 2009 to all class members.

9   The Class Administrator received _____ class notices returned from the United States Postal

10  Service as undeliverable and, after the exercise of diligence required by the Settlement

11  Agreement, effected a single re-mailing for each such return if an alternative address could be

12  identified.  Class members were provided an opportunity to opt-out of the class, and _____

13  class members requested such exclusion from the class.  In addition _____ class members

14  objected to this settlement.  All class members, including any objectors, have been given due

15  notice and opportunity to be heard.

16    D.  The key terms of the Settlement Agreement include:

17    (1)  that all Settlement Class Members shall receive $100.00;

18    (2)  that in addition to payments under subdivision (1), Class Members will receive

19  an additional amount to the extent the amount listed on the "cash price vehicle" line of their

20  contract exceeded the Kelley Blue Book retail value (adjusted for miles).  In such cases the

21  class members will receive an additional 22% of the excess amount specified immediately

22

23  above.

24    (3)  that to the extent Settlement Class Members have an outstanding balance due

25  directly to RAS as of five court days after Final Approval, the payments set forth in

26  subsections (1) and (2) shall take the form of a credit. To the extent that Settlement Class

27

28

members have a balance owing to Car Financial, the payments shall take the form of a payment to CAR Financial.

     (4)    that if any portion of the Class Settlement Funds cannot be distributed to class members and/or checks are not cashed, the remaining amount will be used as *cy pres*, and will be distributed to the California Rural Legal Assistance (CRLA) and Consumers for Auto Reliability and Safety (CARS), which each organization shall receive 50% of the *cy pres* proceeds. Thereafter the Settlement Administrator may close the account.

     IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

     1.    This Court has jurisdiction over the claims of the class members asserted in this action, personal jurisdiction over the settling parties (including all class members), and subject matter jurisdiction to approve the settlement as set forth in the Settlement Agreement previously filed with the Court.

     2.    The Court grants the parties' joint request for final approval of the Settlement Agreement. The Court finds the settlement negotiations were conducted at arms-length and in good faith among counsel for Plaintiff and Defendant and that the terms of the Settlement Agreement are fair, reasonable, and adequate to Plaintiff and all members of the Class in light of the risk of establishing liability and damages, and the expense of further litigation.

     3.    This Court finds that the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied with respect to this Class Settlement and makes final its previously conditional certification of the Class.

     4.    The notice given to the class members was reasonably calculated under the circumstances to apprise them of the pendency of this action, all material elements of the proposed settlement, and their opportunity to exclude themselves from, or object to, the settlement. The Court finds that the distribution of the Notice as provided for in the Preliminary Approval Order and the Settlement Agreement was reasonable, and constituted the best notice practicable under the circumstances to all persons within the definition of the Class, and fully met the requirements of Federal Rule of Civil Procedure 23, any and all

1    substantive and procedural due process rights guaranteed by the United States Constitution,

2    and any other applicable law.

3           5.        _____ members of the class requested to be excluded from this Class

4    Settlement.  These individuals are found to have properly excluded themselves from the

5    Settlement Class; and this Order and Judgment shall not be binding on them.  The names of

6    these individuals are:  _____.

7           6.       The class meets the predominance and superiority requirements.  Common

8    issues of fact and law predominate, and therefore the class action is superior to individual

9    actions because of the relatively minor amount of statutory damages potentially recoverable in

10   individual actions (i.e., up to $1000) and the substantial costs associated with litigating

11   individual actions.

12          7.       Attorneys fees and costs are awarded to class counsel in the amount of

13   $_____(not to exceed $75,000.00)

14          8.       The Settlement Agreement attached as Exhibit A is hereby adopted by this

15   Court as the final Judgment in this case.

16          9.       Without affecting the finality of the Judgment, the Court shall retain

17   jurisdiction of this case to enforce the terms of this Order and the Settlement Agreement.

18

19

20   DATE:_____

21

22                                              _____
                                                Hon. Jeremy Fogel
                                                U.S. District Court Judge

23

24

25

26

27

28

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 - OCTOBER 30, 2008

| No. | Sug Retail | With Miles | Kelly Blue | Stock No. |
|-----|-----------|-----------|-----------|-----------|
| 1 | | | 4,625.00 | R-6592 |
| 2 | | | 7,425.00 | R-6607 |
| 3 | | | 4,900.00 | R-6712 |
| 4 | | | 10,046.60 | R-6703 |
| 5 | | | 3,250.00 | R-6576 |
| 6 | | | 4,750.00 | R-6573 |
| 7 | | | 7,411.20 | R-6848 |
| 8 | | | 4,825.51 | R-6442 |
| 9 | | | 3,841.72 | R-6606 |
| 10 | | | | R-6609 |
| 11 | | | 11,200.00 | R-6522 |
| 12 | | | 5,885.00 | R-6652 |
| 13 | | | 5,684.92 | R-6701 |
| 14 | | | 17,221.50 | R-6670 |
| 15 | | | 4,651.74 | R-6715 |
| 16 | | | 8,525.00 | R-6688 |
| 17 | | | 3,400.00 | R-6702 |
| 18 | | | 8,505.60 | R-6674 |
| 19 | | | 4,542.15 | R-6702 |
| 20 | | | 3,960.37 | R-6694 |
| 21 | | | 6,950.00 | R-6620 |
| 22 | | | 2,885.00 | R-6707 |
| 23 | | | 4,202.55 | R-6609 |
| 24 | | | 3,950.00 | R-6688 |
| 25 | | | 8,374.00 | R-6656 |
| 26 | | | 10,653.15 | R-6649 |
| 27 | | | 8,202.60 | R-6536 |
| 28 | | | 7,055.28 | R-6656 |
| 29 | | | 10,840.00 | R-6646 |
| 30 | | | 5,075.00 | R-6712 |
| 31 | | | 8,150.00 | R-6715 |
| 32 | | | 8,475.00 | R-6671 |
| 33 | | | 4,648.27 | R-6729 |
| 34 | | | 7,538.00 | R-6695 |

EXHIBIT E

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 – OCTOBER 30, 2008

| No. | Sug Retail / With Miles / Kelly Blue | Stock No. |
|---|---|---|
| 35 | 7,090.80 | R-6333 |
| 36 | 1,950.00 | R-6650 |
| 37 | 5,003.52 | R-6501 |
| 38 | 5,000.00 | R-6647 |
| 39 | 6,040.00 | R-6427 |
| 40 | 7,152.82 | R-6638 |
| 41 | 7,225.00 | R-6528 |
| 42 | 3,990.00 | R-6739 |
| 43 | 8,862.40 | R-5590 |
| 44 | 4,409.50 | R-6690 |
| 45 | 8,370.45 | R-6468 |
| 46 | 3,870.87 | R-6655 |
| 47 | 3,990.30 | R-6694 |
| 48 | 7,962.50 | R-6696 |
| 49 | 6,916.25 | R-6705 |
| 50 | 6,702.00 | R-6606 |
| 51 | 12,128.17 | R-6732 |
| 52 | 6,628.27 | R-6665 |
| 53 | 4,900.00 | R-6742 |
| 54 | 4,160.25 | R-6728 |
| 55 | 5,735.00 | R-6683 |
| 56 | 3,800.00 | R-6752 |
| 57 | 2,725.00 | R-6750 |
| 58 | 5,476.55 | R-6754 |
| 59 | 5,602.17 | R-6745 |
| 60 | 10,053.10 | R-6749 |
| 61 | 3,825.00 | R-6757 |
| 62 | 3,776.85 | R-6617 |
| 63 | 5,557.88 | R-6748 |
| 64 | 2,941.12 | R-6744 |
| 65 | 6,225.00 | R-6704 |
| 66 | 5,735.00 | R-6624 |
| 67 | 3,506.60 | R-6661 |
| 68 | 5,785.90 | R-6720 |

EXHIBIT E

## ROMO AUTO SALES
### INSTALLMENT SALES
FEBRUARY 8, 2007 - OCTOBER 30, 2008

| No. | Avg Retail With Miles Kelly Blue | Stock No. |
|---|---|---|
| 69 | 8,483.48 | R-6751 |
| 70 | 7,285.00 | R-6731 |
| 71 | 7,865.00 | R-6714 |
| 72 | 9,925.00 | R-6648 |
| 73 | 3,861.30 | R-6769 |
| 74 | 13,042.32 | R-6764 |
| 75 | 4,409.90 | R-6768 |
| 76 | 5,550.00 | R-6428 |
| 77 | 4,957.85 | R-5767 |
| 78 | 5,721.82 | R-6524 |
| 79 | 7,718.95 | R-6776 |
| 80 | 5,025.00 | R-6795 |
| 81 | 8,951.25 | R-6722 |
| 82 | 3,153.00 | R-6558 |
| 83 | 5,650.00 | R-6530 |
| 84 | 6,100.92 | R-6784 |
| 85 | 5,871.42 | R-6787 |
| 86 | 4,985.00 | R-6602 |
| 87 | 5,150.00 | R-6771 |
| 88 | 6,454.37 | R-6711 |
| 89 | 7,275.00 | R-6753 |
| 90 | 9,992.20 | R-6761 |
| 91 | 4,250.00 | R-6727 |
| 92 | 3,450.00 | R-6809 |
| 93 | 4,800.00 | R-6799 |
| 94 | 6,390.00 | R-6687 |
| 95 | 6,015.00 | R-6575 |
| 96 | 6,262.40 | R-6270 |
| 97 | 2,965.00 | R-6543 |
| 98 | 2,575.00 | R-6780 |
| 99 | 10,100.00 | R-6801 |
| 100 | 6,650.00 | R-6718 |
| 101 | 8,891.70 | R-6810 |
| 102 | 7,249.55 | R-6807 |

EXHIBIT E

## ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 – OCTOBER 30, 2008

| No. | Sug Retail With Miles | Kelly Blue | Stock No. |
|-----|-----------------------|-----------|-----------|
| 103 | | 4,550.00 | R-6785 |
| 104 | | 15,920.30 | R-6762 |
| 105 | | 7,725.00 | R-6759 |
| 106 | | 7,500.00 | R-6818 |
| 107 | | 7,125.20 | R-6802 |
| 108 | | 6,483.72 | R-6824 |
| 109 | | 9,575.00 | R-6777 |
| 110 | | 11,141.93 | R-6811 |
| 111 | | 7,550.00 | R-6770 |
| 112 | | 9,278.35 | R-6804 |
| 113 | | 6,600.00 | R-6689 |
| 114 | | 7,638.55 | R-6848 |
| 115 | | 2,850.00 | R-6836 |
| 116 | | 5,300.00 | R-6830 |
| 117 | | 5,900.00 | R-6821 |
| 118 | | 8,920.00 | R-6846 |
| 119 | | 6,208.60 | R-6822 |
| 120 | | 9,250.00 | R-6820 |
| 121 | | 2,285.00 | R-6838 |
| 122 | | 7,400.45 | R-6773 |
| 123 | | 6,250.00 | R-6772 |
| 124 | | 2,700.00 | R-6743 |
| 125 | | 4,579.87 | R-6833 |
| 126 | | 3,800.00 | R-6827 |
| 127 | | 3,325.00 | R-6782 |
| 128 | | 5,675.00 | R-6667 |
| 129 | | 6,950.00 | R-6867 |
| 130 | | 4,710.00 | R-6870 |
| 131 | | 7,035.60 | R-6866 |
| 132 | | 4,322.25 | R-6860 |
| 133 | | 3,424.95 | R-6844 |
| 134 | | 9,947.50 | R-6645 |
| 135 | | 2,475.00 | R-6779 |
| 136 | | 3,366.00 | R-6875 |

EXHIBIT E

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 - OCTOBER 30, 2008

| No. | Sug Retail With Miles Kelly Blue | Stock No. |
|---|---|---|
| 137 | 3,050.95 | R-6893 |
| 138 | 5,850.00 | R-6599 |
| 139 | 7,408.60 | R-6890 |
| 140 | 6,590.55 | R-6837 |
| 141 | 6,169.20 | R-6840 |
| 142 | 3,855.70 | R-6859 |
| 143 | 6,279.24 | R-6583 |
| 144 | 4,899.07 | R-6905 |
| 145 | 3,025.00 | R-6908 |
| 146 | 7,129.40 | R-6903 |
| 147 | 7,225.00 | R-6825 |
| 148 | 5,541.87 | R-6856 |
| 149 | 5,125.83 | R-6892 |
| 150 | 2,775.00 | R-6874 |
| 151 | 10,209.60 | R-6884 |
| 152 | 10,507.70 | R-6947 |
| 153 | 4,375.00 | R-6363 |
| 154 | 4,750.00 | R-6898 |
| 155 | 5,608.72 | R-6825 |
| 156 | 5,009.10 | R-6831 |
| 157 | 8,451.70 | R-6887 |
| 158 | 4,595.55 | R-6894 |
| 159 | 12,150.00 | R-6379 |
| 160 | 3,675.00 | R-6922 |
| 161 | 5,250.00 | R-6918 |
| 162 | 3,800.00 | R-6633 |
| 163 | 2,225.00 | R-6817 |
| 164 | 6,450.00 | R-6045 |
| 165 | 6,037.80 | R-6834 |
| 166 | 2,375.00 | R-6855 |
| 167 | 5,125.00 | R-6829 |
| 168 | 4,397.87 | R-6835 |
| 169 | 8,500.00 | R-6610 |
| 170 | 8,769.45 | R-6783 |

EXHIBIT E

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 – OCTOBER 30, 2008

| No. | Sug Retail With Miles Kelly Blue | Stock No. |
|---|---|---|
| 171 | 5,225.00 | R-5798 |
| 172 | 5,484.75 | R-6929 |
| 173 | 8,600.00 | R-6883 |
| 174 | 10,312.25 | R-6871 |
| 175 | 3,350.00 | R-6934 |
| 176 | 6,975.00 | R-6927 |
| 177 | 6,360.00 | R-6921 |
| 178 | 4,616.77 | R-6914 |
| 179 | 8,077.85 | R-6578 |
| 180 | 7,473.00 | R-6940 |
| 181 | 6,465.55 | R-6723 |
| 182 | 4,650.00 | R-6911 |
| 183 | 13,150.00 | R-6864 |
| 184 | 2,400.00 | R-6928 |
| 185 | 7,875.00 | R-6888 |
| 186 | 2,975.00 | R-6795 |
| 187 | 4,520.90 | R-6272 |
| 188 | 15,325.00 | R-6738 |
| 189 | 5,000.00 | R-6962 |
| 190 | 4,549.20 | R-6961 |
| 191 | 4,456.12 | R-6814 |
| 192 | 5,043.50 | R-6951 |
| 193 | 10,637.20 | R-6791 |
| 194 | 6,707.25 | R-6924 |
| 195 | 7,473.00 | R-6904 |
| 196 | 3,331.90 | R-6891 |
| 297 | 5,428.50 | R-6605 |
| 198 | 4,940.00 | R-6984 |
| 199 | 8,464.30 | R-6813 |
| 200 | 5,852.00 | R-6990 |
| 201 | 4,260.10 | R-6986 |
| 202 | 5,841.10 | R-6982 |
| 203 | 7,975.00 | R-6945 |
| 204 | 5,886.65 | R-6993 |

EXHIBIT E

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 - OCTOBER 30, 2008

| No. | Sug Retail | With Miles | Kelly Blue | Stock No. |
|---|---|---|---|---|
| 205 | | | 5,905.12 | R-6935 |
| 206 | | | 5,235.30 | R-6969 |
| 207 | | | 3,623.57 | R-6983 |
| 208 | | | 6,850.00 | R-6999 |
| 209 | | | 4,160.00 | R-6967 |
| 210 | | | 4,015.00 | R-6933 |
| 211 | | | 9,250.00 | R-6858 |
| 212 | | | 5,926.75 | R-7002 |
| 213 | | | 4,517.10 | R-6850 |
| 214 | | | 5,339.17 | R-6872 |
| 215 | | | 3,772.00 | R-6977 |
| 216 | | | 7,125.00 | R-6726 |
| 217 | | | 7,575.00 | R-6760 |
| 218 | | | 9,025.00 | R-7010 |
| 219 | | | 3,464.50 | R-6964 |
| 220 | | | 2,575.00 | R-6981 |
| 221 | | | 5,020.09 | R-6438 |
| 222 | | | 5,882.50 | R-6882 |
| 223 | | | 5,636.45 | R-7024 |
| 224 | | | 3,767.90 | R-6950 |
| 225 | | | 4,093.40 | R-6596 |
| 226 | | | 6,785.00 | R-7003 |
| 227 | | | 3,226.50 | R-6985 |
| 228 | | | 5,006.25 | R-7015 |
| 229 | | | 5,050.00 | R-6980 |
| 230 | | | 6,200.00 | R-6989 |
| 231 | | | 4,950.00 | R-7017 |
| 232 | | | 10,380.15 | R-7031 |
| 233 | | | 5,475.00 | R-7028 |
| 234 | | | 5,825.00 | R-6880 |
| 235 | | | 6,751.80 | R-6972 |
| 236 | | | 6,975.00 | R-7033 |
| 237 | | | 7,696.52 | R-6960 |
| 238 | | | | R-6947 |

EXHIBIT E

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 - OCTOBER 30, 2008

| No. | Sug Retail With Miles Kelly Blue | Stock No. |
|---|---|---|
| 239 | 3,975.00 | R-7012 |
| 240 | 5,040.00 | R-7037 |
| 241 | 3,025.03 | R-7035 |
| 242 | 3,723.00 | R-6974 |
| 243 | 5,600.00 | R-7041 |
| 244 | 6,700.00 | R-6968 |
| 245 | 4,459.77 | R-6987 |
| 246 | 6,400.00 | R-6938 |
| 247 | 9,625.35 | R-7046 |
| 248 | 10,113.75 | R-6954 |
| 249 | 10,130.00 | R-7045 |
| 250 | 3,650.00 | R-7043 |
| 251 | 7,475.00 | R-7257 |
| 252 | 5,350.00 | R-6952 |
| 253 | 5,710.00 | R-6736 |
| 254 | 3,766.07 | R-7047 |
| 255 | 3,887.19 | R-7004 |
| 256 | 5,887.77 | R-6989 |
| 257 | 3,300.00 | R-7055 |
| 258 | 6,700.00 | R-7007 |
| 259 | 7,580.501 | R-6998 |
| 260 | 7,290.00 | R-7016 |
| 261 | 2,625.00 | R-6200 |
| 262 | 12,436.40 | R-7025 |
| 263 | 3,475.00 | R-6881 |
| 264 | 3,125.00 | R-7077 |
| 265 | 4,875.00 | R-7069 |
| 266 | 6,677.77 | R-7054 |
| 267 | 5,625.00 | R-6958 |
| 268 | 3,731.00 | R-7068 |
| 269 | 7,532.37 | R-6959 |
| 270 | 5,929.10 | R-7048 |
| 271 | 4,975.00 | R-7087 |
| 272 | 7,460.84 | |

EXHIBIT E

## ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 – OCTOBER 30, 2008

| No. | Sug Retail | Wrt Miles | Kelly Blue | Stock No. |
|---|---|---|---|---|
| 273 | | | 4,664.70 | R-7099 |
| 274 | | | 12,296.51 | R-7096 |
| 275 | | | 5,426.52 | R-6997 |
| 276 | | | 5,137.00 | R-7083 |
| 277 | | | 5,534.83 | R-6976 |
| 278 | | | 7,155.30 | R-7026 |
| 279 | | | 4,989.60 | R-6793 |
| 280 | | | 7,072.00 | R-7058 |
| 281 | | | 8,641.25 | R-7071 |
| 282 | | | 9,398.00 | R-7135 |
| 283 | | | 6,425.00 | R-7119 |
| 284 | | | 7,275.00 | R-7089 |
| 285 | | | 15,575.00 | R-7110 |
| 286 | | | 8,422.40 | R-7059 |
| 287 | | | 5,384.80 | R-7079 |
| 288 | | | 6,951.37 | R-7122 |
| 289 | | | 7,200.00 | R-7066 |
| 290 | | | 5,809.75 | R-7249 |
| 291 | | | 7,264.50 | R-7157 |
| 292 | | | 8,050.00 | R-7141 |
| 293 | | | 9,825.00 | R-7131 |
| 294 | | | 10,904.00 | R-7130 |
| 295 | | | 5,829.00 | R-7154 |
| 296 | | | 5,659.50 | R-7162 |
| 297 | | | 10,150.00 | R-6499 |
| 298 | | | 3,475.00 | R-7142 |
| 299 | | | 9,350.00 | R-7100 |
| 300 | | | 5,350.00 | R-7183 |
| 301 | | | 9,250.00 | R-7182 |
| 302 | | | 6,560.00 | R-7038 |
| 303 | | | 7,845.30 | R-7184 |
| 304 | | | 8,538.65 | R-6943 |
| 305 | | | 6,927.38 | R-7109 |
| 306 | | | 6,183.50 | R-7148 |

EXHIBIT E

## ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 - OCTOBER 30, 2008

| No. | Sug Retail With Miles Kelly Blue | Stock No. |
|---|---|---|
| 307 | 6,682.50 | R-7273 |
| 308 | 14,082.31 | R-6865 |
| 309 | 8,675.00 | R-6843 |
| 310 | 4,300.00 | R-6832 |
| 311 | 5,286.75 | R-7186 |
| 312 | 3,875.00 | R-7125 |
| 313 | 5,350.00 | R-6682 |
| 314 | 4,302.00 | R-7190 |
| 315 | 6,290.10 | R-7197 |
| 316 | 4,675.00 | R-7128 |
| 317 | 2,675.00 | R-6896 |
| 318 | 6,175.00 | R-7134 |
| 319 | 7,350.00 | R-7128 |
| 320 | 3,800.00 | R-7181 |
| 321 | 3,863.80 | R-7177 |
| 322 | 3,289.90 | R-7167 |
| 323 | 4,700.00 | R-7143 |
| 324 | 12,284.73 | R-7114 |
| 325 | 4,972.95 | R-7144 |
| 326 | 4,141.50 | R-7090 |
| 327 | 5,049.60 | R-7159 |
| 328 | 4,802.00 | R-7150 |
| 329 | 2,825.00 | R-7132 |
| 330 | 2,400.00 | R-7000 |
| 331 | 8,704.92 | R-7198 |
| 332 | 6,037.20 | R-7111 |
| 333 | 2,375.00 | R-7090 |
| 334 | 7,882.90 | R-7125 |
| 335 | 12,744.80 | R-7188 |
| 336 | 4,306.52 | R-7189 |
| 337 | 6,538.30 | R-7168 |
| 338 | 3,622.50 | R-6926 |
| 339 | 3,841.50 | R-7153 |
| 340 | 6,250.00 | R-7097 |

EXHIBIT E

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 – OCTOBER 30, 2008

| No. | Sug Retail | With Miles | Kelly Blue | Stock No. |
|---|---|---|---|---|
| 341 | | | 4,882.80 | R-6638 |
| 342 | | | 5,985.00 | R-7218 |
| 343 | | | 4,050.00 | R-7174 |
| 344 | | | 8,454.80 | R-7134 |
| 345 | | | 5,575.00 | R-7029 |
| 346 | | | 5,075.89 | R-7105 |
| 347 | | | 9,538.60 | R-7206 |
| 348 | | | 4,489.60 | R-7208 |
| 349 | | | 4,625.00 | R-7230 |
| 350 | | | 11,246.29 | R-7013 |
| 351 | | | 7,627.65 | R-7094 |
| 352 | | | 5,591.02 | R-7004 |
| 353 | | | 6,361.57 | R-7187 |
| 354 | | | 5,684.35 | R-6970 |
| 355 | | | 5,030.40 | R-7240 |
| 356 | | | 9,540.00 | R-7225 |
| 357 | | | 7,385.00 | R-7251 |
| 358 | | | 3,500.00 | R-7209 |
| 359 | | | 4,750.00 | R-7076 |
| 360 | | | 10,408.50 | R-7247 |
| 361 | | | 11,511.50 | R-7120 |
| 362 | | | 5,750.00 | R-7249 |
| 363 | | | 6,450.00 | R-7241 |
| 364 | | | 2,500.00 | R-7257 |
| 365 | | | 9,400.00 | R-6930 |
| 366 | | | 2,900.00 | R-6996 |
| 367 | | | 6,044.49 | R-7265 |
| 368 | | | 8,825.00 | R-7255 |
| 369 | | | 6,228.50 | R-7192 |
| 370 | | | 3,841.50 | R-7121 |
| 371 | | | 9,835.00 | R-7254 |
| 372 | | | 5,183.20 | R-7275 |
| 373 | | | 4,355.00 | R-7232 |
| 374 | | | 6,510.20 | R-7081 |

EXHIBIT E

## ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 – OCTOBER 30, 2008

| No. | Sug Retail | With Miles | Kelly Blue | Stock No. |
|---|---|---|---|---|
| 375 | | | 6,625.00 | R-7196 |
| 376 | | | 5,689.60 | R-7229 |
| 377 | | | 5,950.00 | R-6032 |
| 378 | | | 11,768.90 | R-7244 |
| 379 | | | 7,075.00 | R-7252 |
| 380 | | | 6,783.07 | R-7228 |
| 381 | | | 7,551.02 | R-7185 |
| 382 | | | 4,900.00 | R-7102 |
| 383 | | | 3,071.07 | R-7191 |
| 384 | | | | R-7239 |
| 385 | | | 1,450.00 | R-7113 |
| 386 | | | 3,054.50 | R-7276 |
| 387 | | | 8,600.50 | R-7042 |
| 388 | | | 4,441.88 | R-7217 |
| 389 | | | 3,925.00 | R-6995 |
| 390 | | | 4,275.00 | R-7248 |
| 391 | | | 6,660.00 | R-7293 |
| 392 | | | 23,073.60 | R-7210 |
| 393 | | | 7,429.50 | R-7118 |
| 394 | | | 4,875.00 | R-7269 |
| 395 | | | 4,785.00 | R-7285 |
| 396 | | | 8,502.48 | R-7216 |
| 397 | | | 4,337.50 | R-7282 |
| 398 | | | 11,552.15 | R-7036 |
| 399 | | | 6,525.00 | R-7135 |
| 400 | | | 5,850.00 | R-7738 |
| 401 | | | 5,300.00 | R-7203 |
| 402 | | | 3,727.35 | R-7350 |
| 403 | | | 5,642.22 | R-7291 |
| 404 | | | 5,244.96 | R-7126 |
| 405 | | | 11,648.25 | R-7202 |
| 406 | | | 9,100.00 | R-7267 |
| 407 | | | 1,900.00 | R-7907 |
| 408 | | | 5,525.00 | R-7235 |

EXHIBIT E

**ROMO AUTO SALES**

**INSTALLMENT SALES**

**FEBRUARY 8, 2007 – OCTOBER 30, 2008**

| No. | Sug Retail / With Miles / Kelly Blue | Stock No. |
|---|---|---|
| 409 | 4,882.12 | R-7258 |
| 410 | 5,925.00 | R-7313 |
| 411 | 7,475.49 | R-7280 |
| 412 | 5,076.42 | R-7308 |
| 413 | 3,924.60 | R-7303 |
| 414 | 4,254.25 | R-7318 |
| 415 | 5,325.15 | R-7084 |
| 416 | 2,675.00 | R-7133 |
| 417 | 4,718.70 | R-7309 |
| 418 | 6,300.00 | R-7300 |
| 419 | 7,200.00 | R-7298 |
| 420 | 5,350.80 | R-7317 |
| 421 | 3,682.25 | R-7304 |
| 422 | 13,377.60 | R-7321 |
| 423 | 4,063.50 | R-7234 |
| 424 | 10,031.00 | R-7314 |
| 425 | 5,552.85 | R-7082 |
| 426 | 7,200.00 | R-7292 |
| 427 | 2,300.00 | R-6878 |
| 428 | 4,957.20 | R-6853 |
| 429 | 4,850.00 | R-7245 |
| 430 | 5,235.50 | R-7324 |
| 431 | 6,467.17 | R-7325 |
| 432 | 5,625.20 | R-7324 |
| 433 | 5,602.30 | R-7270 |
| 434 | 6,351.60 | R-7331 |
| 435 | 3,275.00 | R-7161 |
| 436 | 6,691.20 | R-7338 |
| 437 | 5,266.45 | R-7329 |
| 438 | 8,175.00 | R-7349 |
| 439 | 4,775.00 | R-7355 |
| 440 | 3,978.00 | R-7323 |
| 441 | 7,625.00 | R-7354 |
| 442 | 7,906.17 | R-7352 |

## ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 - OCTOBER 30, 2008

| No. | Sug Retail With Miles Kelly Blue | Stock No. |
|---|---|---|
| 443 | 2,015.00 | R-7245 |
| 444 | 7,610.00 | R-7356 |
| 445 | 4,931.55 | R-6780 |
| 446 | 9,095.22 | R-7341 |
| 447 | 8,700.00 | R-7368 |
| 448 | 5,670.67 | R-7332 |
| 449 | 4,687.42 | R-7362 |
| 450 | 5,178.25 | R-7373 |
| 451 | 14,125.00 | R-7330 |
| 452 | 3,674.52 | R-7361 |
| 453 | 4,425.00 | R-7271 |
| 454 | 3,085.00 | R-7268 |
| 455 | 6,850.00 | R-7339 |
| 456 | 13,205.29 | R-7201 |
| 457 | 9,250.25 | R-7371 |
| 458 | 6,238.22 | R-7319 |
| 459 | 4,875.00 | R-7207 |
| 460 | 4,757.35 | R-7165 |
| 461 | 16,552.75 | R-7348 |
| 462 | 6,225.00 | R-7176 |
| 463 | 7,226.25 | R-7387 |
| 464 | 4,906.98 | R-7380 |
| 465 | 6,793.80 | R-7302 |
| 466 | 8,114.40 | R-7381 |
| 467 | 17,160.00 | R-7357 |
| 468 | 5,194.25 | R-7384 |
| 469 | 5,595.15 | R-7104 |
| 470 | 4,590.00 | R-7290 |
| 471 | 7,294.95 | R-7347 |
| 472 | 9,465.75 | R-7388 |
| 473 | 10,100.00 | R-7199 |
| 474 | 4,854.15 | R-7294 |
| 475 | 8,440.25 | R-7206 |
| 476 | 6,426.75 | R-7408 |

EXHIBIT E

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 – OCTOBER 30, 2008

| No. | Sug Retail with Miles | Kelly Blue | Stock No. |
|---|---|---|---|
| 477 | 6,300.00 | | R-7086 |
| 478 | 10,407.50 | | R-7333 |
| 479 | 6,691.20 | | R-7413 |
| 480 | 6,543.60 | | R-7383 |
| 481 | 8,578.30 | | R-7393 |
| 482 | 5,256.25 | | R-7415 |
| 483 | 6,751.00 | | R-7363 |
| 484 | 8,730.45 | | R-7418 |
| 485 | 5,073.57 | | R-7391 |
| 486 | 7,850.00 | | R-7396 |
| 487 | 6,300.00 | | R-7163 |
| 488 | 8,126.82 | | R-7255 |
| 489 | 7,725.00 | | R-7570 |
| 490 | 3,280.27 | | R-7334 |
| 491 | 7,300.00 | | R-6816 |
| 492 | 5,940.41 | | R-7250 |
| 493 | 7,315.20 | | R-7379 |
| 494 | 8,310.00 | | R-7410 |
| 495 | 6,709.80 | | R-7336 |
| 496 | 5,243.00 | | R-7295 |
| 497 | 5,717.64 | | R-7400 |
| 498 | 4,101.30 | | R-7065 |
| 499 | 7,843.20 | | R-7417 |
| 500 | 6,550.00 | | R-7300 |
| 501 | 5,775.00 | | R-7429 |
| 502 | 4,490.00 | | R-7290 |
| 503 | 5,114.50 | | R-6992 |
| 504 | 9,050.00 | | R-7264 |
| 505 | 6,175.00 | | R-7433 |
| 506 | 4,940.62 | | R-6941 |
| 507 | 1,935.90 | | R-7084 |
| 508 | 4,047.05 | | R-7409 |
| 509 | 17,952.00 | | R-7401 |
| 510 | 6,325.00 | | R-7421 |

EXHIBIT E

# ROMO AUTO SALES
## INSTALLMENT SALES
### FEBRUARY 8, 2007 – OCTOBER 30, 2008

| No. | Sug Retail / With Miles / Kelly Blue | Stock No. |
|---|---|---|
| 511 | 3,785.00 | R-7412 |
| 512 | 3,220.00 | R-7322 |
| 513 | 4,350.00 | R-6900 |
| 514 | 7,615.00 | R-7226 |
| 515 | 8,261.00 | R-7433 |
| 516 | 5,400.00 | R-7344 |
| 517 | 10,890.00 | R-7450 |
| 518 | 5,095.02 | R-7441 |
| 519 | 6,825.00 | R-7428 |
| 520 | 2,348.17 | R-7442 |
| 521 | 4,100.00 | R-7437 |
| 522 | 9,200.00 | R-7443 |
| 523 | 9,140.00 | R-7421 |
| 524 | 4,690.59 | R-7448 |
| 525 | 4,985.50 | R-7403 |
| 526 | 4,100.00 | |
| | 3,310,103.72 | |

EXHIBIT E